Joyce S. HALLETT, et vir., Petitioners,

v.

HOUSTON NORTHWEST MEDICAL CENTER, Respondent.

No. C–3304.

Supreme Court of Texas.

April 17, 1985.

Rehearing Denied June 5, 1985.

Lorance and Thompson, Larry D. Thompson, Houston, for petitioners.

Fulbright and Jaworski, Robert J. Swift, Doreen Z. Bartlett, Houston, for respondent.

WALLACE, Justice.

This is a medical malpractice suit. Pursuant to a jury verdict, the trial court rendered judgment for the defendant hospital. In an unpublished opinion, the court of appeals affirmed the judgment of the trial court. We affirm the judgment of the court of appeals.

While a patient in Houston Northwest Medical Center, Joyce Hallett, suffered an injury to her hand. Mrs. Hallett sued the hospital alleging that the negligence of the hospital staff caused the injury. During jury voir dire Mrs. Hallett challenged four jurors for cause. The trial court refused all four challenges.

One of the jurors challenged for cause, Trenton L. Torregroso, actually served on the jury. Mrs. Hallett alleged that she was compelled to leave Mr. Torregroso on the jury list in order to strike a more objectionable person. After a judgment was rendered for the hospital, Mrs. Hallett's attorney filed a motion for judgment n.o.v., to which he attached his affidavit. The affidavit stated that Mrs. Hallett had exhausted her peremptory challenges, that three of those challenges were used to strike three of the persons challenged for cause, and the remaining three challenges were used to strike other objectionable jurors. The issue before us is determination of the proper method for preserving error when a litigant is compelled to accept an objectionable juror who has been challenged for cause.

Rules 227, 228 and 229, TEX.R.CIV.P., define challenge for cause. The rules provide that the court should decide the challenge, and if sustained, discharge the juror. However, the rules do not provide the procedure to be used for preserving error when the challenge is not sustained and an objectionable juror is permitted to serve.

To determine that procedure we must consult common law authority.

Mrs. Hallett contends that once a juror has been challenged for cause, the trial court is aware that the person is objectionable to the challenging party. Therefore, it is illogical and unnecessary to require that party to advise the court a second time that an objectionable juror will be permitted to serve. She further contends that all the complaining party must show is that one or more of the challenged jurors who was not discharged was disqualified as a matter of law. As authority for her contention, Mrs. Hallett cites *San Antonio & A.P. Ry. Co. v. Lester,* 99 Tex. 214, 89 S.W. 752 (1905). However, the *Lester* opinion states that the party challenging the jurors made his bill of objections to the court prior to making his peremptory strikes. Mrs. Hallett also cites *Compton v. Henrie,* 364 S.W.2d 179 (Tex.1963). This case is not dispositive of the matter before us. The only question in that case was the misconduct of a juror who was found to be disqualified. However, no challenge was made to this juror at any time before the return of the jury verdict. In addition, Mrs. Hallett cites *Flowers v. Flowers,* 397 S.W.2d 121 (Tex. Civ.App.—Amarillo 1965, no writ) and *State of Texas v. Burke,* 434 S.W.2d 240 (Tex.Civ.App.—Waco 1968, no writ). Those cases are not on point with the issue before us.

We hold that the correct rule for preserving error in this case was set forth in the cases of *Hammon v. Texas New Orleans Ry. Co.,* 382 S.W.2d 155 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.) *cert. denied,* 382 U.S. 832, 86 S.Ct. 73, 15 L.Ed.2d 76 (1965); *Yecker v. San Antonio Traction Co.,* 76 S.W. 780 (Tex.Civ.App.—San Antonio 1903, writ ref'd); and *Texas General Indemnity Co. v. Moreno,* 638 S.W.2d 908 (Tex.Civ. App.—Houston [1st Dist.] 1982, no writ).

■ Our system of jury selection is designed to provide a jury composed of persons who are not biased or prejudiced. The object is an impartial jury. The refusal of the trial court to excuse an unqualified

juror does not necessarily constitute harmful error. The harm occurs only if the party uses all of his peremptory challenges and is thus prevented from striking other objectionable jurors from the list because he has no additional peremptory challenges. It is at this point that any harmful error occurs, i.e., when the court is made aware that objectionable jurors will be chosen. Thus, it is incumbent upon the complaining party to inform the trial court at that time of the error. Once informed, the court is able to determine if the party was in fact forced to take objectionable jurors.

For these reasons the complaining party waives any error by not timely bringing such error to the attention of the trial court prior to making his peremptory challenges. A party cannot wait until the trial is finished, then seek to reverse an unfavorable verdict by complaining of an error which the trial court could have corrected had it been timely informed of the error.

■ We hold that Mrs. Hallett waived any error committed by the trial court. It was incumbent upon her, prior to exercising her peremptory challenges, to advise the trial court of two things: (1) that she would exhaust her peremptory challenges; and, (2) that after exercising her peremptory challenges, specific objectionable jurors would remain on the jury list. Absent such notice to the trial court she waived any error committed by the court in its refusal to discharge those jurors who were challenged for cause.

The judgment of the court of appeals is affirmed.