bowles 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-524-CV





LARRY R. BOWLES AND CHERYL BOWLES,



 
 APPELLANTS


vs.





MONTGOMERY WARD & CO., INC. AND MTD PRODUCTS, INC.,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. 91-6204, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 




 Larry and Cheryl Bowles, appellants, appeal from a take-nothing judgment
rendered on a jury verdict in their suit against Montgomery Ward & Co., Inc. and MTD Products,
Inc., appellees, based on negligence and products liability. The Bowleses bring three points of
error, all relating to the trial court's refusal to strike three members of the venire for cause. See
Tex. Gov't Code Ann. § 62.105(4) (West Supp. 1994); Tex. R. Civ. P. 228, 229. We will affirm
the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND


 During voir dire the Bowleses challenged three venirepersons for cause, claiming
that two were biased and that the third was unable to follow the court's instructions and had
preconceived ideas about the proof necessary to establish gross negligence. The trial court denied
all three challenges. At the conclusion of voir dire, the record reflects that the following dialogue
occurred:


 [COURT]: Ladies and Gentlemen, that concludes this Voir Dire
Examination. And at this time, we will take the recess I spoke to you earlier
about, so that the attorneys can think about and exercise their peremptory
challenges to which they're entitled. . . .


 (Panel out.


 (Recess.


 (Panel in.


 [COURT]: Yes, sir.


 (Start of Bench Conference.


 [BOWLESES' COUNSEL]: Judge, before the jury is seated, we object
first of all to the Court's rulings in regard to failing to grant the Plaintiff's motion
to strike a Juror --


 [COURT]: Five, 12, and 20.


 [BOWLESES' COUNSEL]: Five, Ms. Cook; Juror 20, Ms. Mary
McClain, and Juror 12, Terry Avey.


 In addition to that, because the Court did not grant our motion to strike, we
had to anticipate -- we had to exercise our peremptory strikes and we did strike
through a peremptory strike, Ms. Cook, Mr. Avey, and Ms. McClain. And
because we had to use our peremptory strikes, we were required -- we're now
required to accept three jurors that but for that, we would not have chosen and
would have used peremptory strikes for. And therefore, we're now putting this on
the record prior to the jury being seated, so that the Court will be aware of the
position that we're in, so that the Court can frankly do whatever the Court wants
to do, but know our position on how we've been hurt by this Court's ruling.


 [COURT]: Any response?


 [APPELLEES' COUNSEL]: No response, Your Honor.


 [COURT]: The Court notes the concerns and the objections to the Court's
rulings. Thank you.


 [BOWLESES' COUNSEL]: And that's before the jury is --


 [COURT]: Before the jury is actually called and seated. Thank you.


 (End of Bench Conference.


 (Jury selected.


The Bowleses used three of their peremptory challenges to strike the challenged venirepersons;
thus, none of them served on the jury. At the conclusion of the trial, the jury returned a verdict,
signed by ten jurors, answering "no" to each liability question as to each defendant. The trial
court rendered a take-nothing judgment on the jury's verdict.


DISCUSSION


 In three points of error, the Bowleses assert that the trial court erred in overruling
their motions to strike. Appellees contend that the Bowleses failed to properly preserve any error
because they did not name the objectionable venirepersons they were required to accept and did
not attempt to preserve error before exercising their peremptory strikes.

 A trial court's failure to excuse an unqualified juror does not necessarily constitute
harmful error. Hallett v. Houston Northwest Medical Ctr., 689 S.W.2d 888, 889-90 (Tex. 1985);
White v. Dennison, 752 S.W.2d 714, 718 (Tex. App.Dallas 1988, writ denied); see Beavers v.
Northrop Worldwide Aircraft Servs., Inc., 821 S.W.2d 669, 673 (Tex. App.Amarillo 1991, writ
denied). "The harm occurs only if the party uses all of his peremptory challenges and is thus
prevented from striking other objectionable jurors from the list because he has no additional
peremptory challenges." Hallett, 689 S.W.2d at 890; White, 752 S.W.2d at 718. In other words,
if the objecting party had no intention of peremptorily striking any other panel members, no harm
is shown by the court's failure to excuse an unqualified juror. Sullemon v. U.S. Fidelity & Guar.
Co., 734 S.W.2d 10, 14 (Tex. App.Dallas 1987, no writ). Also, no harm is shown if the
objectionable venireperson is peremptorily struck by another party, or if the record reveals that
the objectionable venireperson was not reached and did not serve on the jury. See Beavers, 821
S.W.2d at 673 (quoting Carpenter v. Wyatt Constr. Co., 501 S.W.2d 748, 751 (Tex. Civ.
App.Houston [14th Dist.] 1973, writ ref'd n.r.e.)). Thus, in order to preserve error, a party
must, prior to exercising its peremptory challenges, advise the trial court that (1) it will exhaust
its peremptory challenges; and, (2) specific objectionable venirepersons will remain on the jury
list after exercising its peremptory challenges. Hallett, 689 S.W.2d at 890; Beavers, 821 S.W.2d
at 673; White, 752 S.W.2d at 718.

 In order to adequately advise the trial court that specific objectionable jurors will
remain on the jury list, the objecting party must "name names." White, 752 S.W.2d at 719; see
Beavers, 821 S.W.2d at 673 (requiring that "the trial court be told specifically which objectionable
jurors will remain after those strikes are made"). In other words, a party must advise the trial
court that it will exhaust its peremptory challenges and that objectionable venireperson X will
nevertheless remain on the jury list because of the court's erroneous refusal to strike venireperson
A for cause. White, 752 S.W.2d at 719; Sullemon, 734 S.W.2d at 13; Wade v. Austin, 524
S.W.2d 79, 84 (Tex. Civ. App.Texarkana 1975, no writ). Only in that way can a reviewing
court determine whether the complaining party was harmed through having venireperson X serve
on the jury. The excerpt from the record quoted above shows that the Bowleses failed to preserve
error because they did not specifically identify any objectionable venirepersons they were forced
to accept.

 We also note that the trial court must be notified of the situation before the party
has exercised its peremptory strikes. Hallett, 689 S.W.2d at 890; Beavers, 821 S.W.2d at 681;
White, 752 S.W.2d at 718. A party exercises its peremptory strikes by delivering its list of
peremptory challenges to the trial court. Lopez v. Southern Pac. Transp. Co., 847 S.W.2d 330,
333 (Tex. App.El Paso 1993, no writ); Beavers, 821 S.W.2d at 681. The exercise is complete
upon delivery of the list to the trial court, even though the court has not determined which
venirepersons will be seated on the jury. Beavers, 821 S.W.2d at 681.

 In the present case, it appears that the Bowleses attempted to preserve error after
exercising their peremptory strikes. The record indicates that the court excused the panel from
the room "so that the attorneys can think about and exercise their peremptory challenges to which
they're entitled." When the panel was called back into the courtroom, the court conferred with
the attorneys at the bench. Counsel for the Bowleses, in attempting to preserve error, repeatedly
referred to his exercise of peremptory strikes in the past tense, indicating that the exercise had
already occurred. See Beavers, 821 S.W.2d at 681. At the end of the bench conference, the
Bowleses' attorney noted, and the trial court confirmed, that the jury had not been "called and
seated." The record next indicates that the jury was "selected," but does not indicate that the
parties thereafter delivered their list of peremptory challenges to the trial court. See id. In any
event, the Bowleses had the burden to present a sufficient record to show error requiring reversal. 
Tex. R. App. P. 50(d). Because they do not bring forth a record that affirmatively shows they
objected before they exercised their peremptory strikes, they have failed to show error. See
Beavers, 821 S.W.2d at 681. We overrule the Bowleses' three points of error. (1)

 The appellees also assert that we should affirm the trial court's judgment because
the Bowleses failed either to properly limit the scope of their appeal or to bring forward a
complete record. See Tex. R. App. P. 53(d). Because we hold that the Bowleses failed to
preserve error, we do not address this issue.


CONCLUSION


 We affirm the trial court's judgment.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 29, 1994

Do Not Publish
1.   Even if the Bowleses had properly preserved their complaint, the circumstances of
the present case (which, for purposes of brevity, we do not set forth in this opinion) do
not appear to show an abuse of discretion by the trial court with respect to any of the
three challenged venirepersons.