COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-154-CV

 

 

WOODROW S. PEERY                                                          APPELLANT

 

                                                   V.

 

STANLEY MECHANIC TOOLS, INC.,                                          APPELLEE

A/K/A
STANLEY MECHANICS TOOLS, 

A/K/A THE STANLEY WORKS                                                                

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction








Appellant Woodrow S. Peery
appeals the trial court=s order in
favor of appellee Stanley Mechanic Tools, Inc., a/k/a Stanley Mechanics Tools,
a/ka The Stanley Works (AStanley@) in this workers= compensation employment retaliation case.  In two issues, Peery contends that he
established as a matter of law that 
three veniremembers were biased or prejudiced and that the trial court
erred by denying challenges for cause to the three veniremembers.  We affirm.

II.  Background Facts

In 1994, while Peery was
employed with Stanley, he filed a workers= compensation claim after allegedly being injured on the job.  In 1996, almost two years later, Stanley
discharged Peery.  On January 9, 1998,
Peery filed suit against Stanley alleging that Stanley Awas involved in discouraging [him] from, in good faith, filing and
pursuing a workers=
compensation claim.@[2]

On March 7, 2005, voir dire
examination began in this case.  During
voir dire, Peery challenged veniremembers eleven, eighteen, and thirty-nine on
the basis that they could not award mental anguish damages.  The trial court overruled each of the
challenges.  After hearing all of the
evidence, the jury returned a verdict in favor of Stanley, which Peery appeals.

III.  Preservation of Error








Stanley contends that Peery
did not preserve error.  In civil suits
in Texas district courts, each side has six peremptory challenges.  Tex.
R. Civ. P. 233; Cortez ex. rel. Estate of Puentes v. HCCI-San
Antonio, Inc., 159 S.W.3d 87, 90 (Tex. 2005).  When a challenge for cause is erroneously
denied, that error can be corrected by striking the veniremember
peremptorily.  Cortez, 159 S.W.3d
at 90.  Thus, any error in denying a
challenge for cause is only harmful if a peremptory challenge would have been
used on another objectionable veniremember. 
Id.

To preserve a complaint that
the trial court abused its discretion in refusing to strike a juror for cause,
a party must not only obtain an adverse ruling on their motion to strike, but
must also use a peremptory challenge against the veniremember involved, exhaust
his remaining peremptory challenges, and notify the trial court that one or
more specific objectionable veniremembers will remain on the jury list.  McMillin v. State Farm Lloyds, 180
S.W.3d 183, 192-93 (Tex. App._Austin 2005, no pet.); see Cortez, 159 S.W.3d at 90-91; Hallett
v. Houston N.W. Med. Ctr., 689 S.W.2d 888, 890 (Tex. 1985).  A complaining party waives any error by not
timely bringing such error to the attention of the trial court prior to making
his peremptory challenges.  Hallett,
689 S.W.2d at 890.








Here, Peery challenged
veniremembers eleven, eighteen, and thirty-nine, and the trial court overruled
each of his challenges.  After voir dire
examination, the trial court allowed the parties to determine their peremptory
strikes privately.  Upon reconvening, the
district clerk announced Peery=s strikes.  Peery struck
veniremember eighteen, but failed to strike veniremembers eleven and
thirty-nine.  After announcing Peery=s strikes, the district clerk then announced the jury panel.  Only after the district clerk announced the
jury panel did Peery ask for additional strikes.  We hold that Peery did not properly preserve
error because he did not peremptorily strike veniremembers eleven and
thirty-nine and because he did not notify the trial court that one or more
objectionable venire members would remain on the jury list until after
the jury had been empaneled.  See
Hallett, 689 S.W.2d at 890.  Thus, we
overrule Peery=s two
issues.

IV.  Conclusion

Having overruled Peery=s two issues, we affirm the trial court=s judgment.

 

 

PER CURIAM

 

 

PANEL F:    LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

 

DELIVERED:
February 23, 2006











[1]See Tex. R. App. P. 47.4.





[2]This
allegation is contained in Peery=s first amended
petition.  His original petition was not
included in the appellate record.