PEERY V. STANLEY MECHANIC TOOLS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-154-CV

WOODROW S. PEERY APPELLANT

V.

STANLEY MECHANIC TOOLS, INC., APPELLEE

A/K/A STANLEY MECHANICS TOOLS, 

A/K/A THE STANLEY WORKS 

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Woodrow S. Peery appeals the trial court’s order in favor of appellee Stanley Mechanic Tools, Inc., a/k/a Stanley Mechanics Tools, a/ka The Stanley Works (“Stanley”) in this workers’ compensation employment retaliation case.  In two issues, Peery contends that he established as a matter of law that  three veniremembers were biased or prejudiced and that the trial court erred by denying challenges for cause to the three veniremembers.  We affirm.

II.  Background Facts

In 1994, while Peery was employed with Stanley, he filed a workers’ compensation claim after allegedly being injured on the job.  In 1996, almost two years later, Stanley discharged Peery.  On January 9, 1998, Peery filed suit against Stanley alleging that Stanley “was involved in discouraging [him] from, in good faith, filing and pursuing a workers’ compensation claim.”
(footnote: 2)
 On March 7, 2005, voir dire examination began in this case.  During voir dire, Peery challenged veniremembers eleven, eighteen, and thirty-nine on the basis that they could not award mental anguish damages.  The trial court overruled each of the challenges.  After hearing all of the evidence, the jury returned a verdict in favor of Stanley, which Peery appeals.

III.  Preservation of Error

Stanley contends that Peery did not preserve error.  In civil suits in Texas district courts, each side has six peremptory challenges.  
Tex. R. Civ. P.
 233; 
Cortez ex. rel. Estate of Puentes v. HCCI-San Antonio, Inc.
, 159 S.W.3d 87, 90 (Tex. 2005).  When a challenge for cause is erroneously denied, that error can be corrected by striking the veniremember peremptorily.  
Cortez
, 159 S.W.3d at 90.  Thus, any error in denying a challenge for cause is only harmful if a peremptory challenge would have been used on another objectionable veniremember.  
Id.

To preserve a complaint that the trial court abused its discretion in refusing to strike a juror for cause, a party must not only obtain an adverse ruling on their motion to strike, but must also use a peremptory challenge against the veniremember involved, exhaust his remaining peremptory challenges, and notify the trial court that one or more specific objectionable veniremembers will remain on the jury list.  
McMillin v. State Farm Lloyds
, 180 S.W.3d 183, 192-93 (Tex. App.སྭAustin 2005, no pet.); 
see Cortez
, 159 S.W.3d at 90-91; 
Hallett v. Houston N.W. Med. Ctr
., 689 S.W.2d 888, 890 (Tex. 1985).  A complaining party waives any error by not timely bringing such error to the attention of the trial court prior to making his peremptory challenges.  
Hallett
, 689 S.W.2d at 890.

Here, Peery challenged veniremembers eleven, eighteen, and thirty-nine, and the trial court overruled each of his challenges.  After voir dire examination, the trial court allowed the parties to determine their peremptory strikes privately.  Upon reconvening, the district clerk announced Peery’s strikes.  Peery struck veniremember eighteen, but failed to strike veniremembers eleven and thirty-nine.  After announcing Peery’s strikes, the district clerk then announced the jury panel.  Only after the district clerk announced the jury panel did Peery ask for additional strikes.  We hold that Peery did not properly preserve error because he did not peremptorily strike veniremembers eleven and thirty-nine and because he did not notify the trial court that one or more objectionable venire members would remain on the jury list until 
after
 the jury had been empaneled.  
See Hallett
, 689 S.W.2d at 890.  Thus, we overrule Peery’s two issues.

IV.  Conclusion

Having overruled Peery’s two issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: February 23, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
This allegation is contained in Peery’s first amended petition.  His original petition was not included in the appellate record.