

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-12-00317-CV

WANDA M. PAGE,

Appellant

 v.

STATE FARM LLOYDS,

Appellee

From the 18th District Court
Johnson County, Texas
Trial Court No. C200400452

# MEMORANDUM OPINION

In ten issues, appellant, Wanda M. Page, advancing pro se, challenges a final

judgment entered in favor of appellee, State Farm Lloyds.  We affirm.

## I.    BACKGROUND

The dispute in this case is more than ten years old, and this is not the first time

this case has been before this Court.  *See generally Page v. State Farm Lloyds*, 259 S.W.3d

257 (Tex. App.—Waco 2008), *rev'd in part*, 315 S.W.3d 525 (Tex. 2010).  As the parties are

familiar with the facts in this case, we will only provide the highlights. *See* TEX. R. APP. P. 47.1.

"State Farm Lloyds issued Page a Texas Standardized Homeowners Policy—Form B ("HO-B") to insure her dwelling and its contents." *Page*, 315 S.W.3d at 526. "In June 2001, Page discovered mold and water damage to her home and some of her personal property." *Id.* Page filed a claim under her homeowner's policy with State Farm Lloyds. After various assessments, it was determined that there were leaks in the sanitary sewer lines that required remediation. *Id.* Thus, in January 2002, State Farm Lloyds provided Page with a check in the amount of $12,644 to cover remediation and repair of her dwelling and $13,631 to cover personal-property remediation and three months living expenses while the work was performed. *Id.* In May 2002, Page requested additional funds to repair damage to her carpet, which State Farm Lloyds refused to pay. *Id.* "A dispute ensued over the amounts needed to fully remediate and repair the home and its contents." *Id.* at 526-27.

Later, Page filed suit against State Farm Lloyds asserting causes of action for breach of contract, breach of the duty of good faith and fair dealing, fraudulent misrepresentation, and DTPA and Insurance Code violations. *Id.* at 527. About a year after she filed suit, Page provided State Farm Lloyds with an estimate for remediating her attic, which resulted in State Farm Lloyds paying Page an additional $13,042. *Id.*

Thereafter, State Farm Lloyds filed no-evidence and traditional motions for summary judgment, claiming entitlement to judgment as a matter of law on Page's breach of contract claim because the HO-B policy expressly excluded coverage for all

mold damage and because there was no evidence that Page was owed additional money. *Id.* State Farm Lloyds also argued that summary judgment was proper as to Page's extra-contractual claims. *Id.*

The trial court initially denied State Farm Lloyds's summary-judgment motions; however, the trial court reversed course when presented with the Texas Supreme Court's opinion in *Fiess v. State Farm Lloyds*, 202 S.W.3d 744 (Tex. 2006) on a motion for reconsideration filed by State Farm Lloyds. *Id.* Page appealed the trial court's granting of the motions for summary judgment, and this Court reversed, holding that Page's HO-B policy covered mold damage to the dwelling and its contents. *Id.* (citing *Page*, 259 S.W.3d at 257).

Subsequently, State Farm Lloyds filed a petition for review in the Texas Supreme Court. The Supreme Court analyzed Page's HO-B policy and determined that "when a plumbing leak results in mold contamination, the policy covers mold damage to personal property but not to the dwelling." *Id.* at 526, 531. Accordingly, the Supreme Court concluded that Page's contractual and extra-contractual claims pertaining to alleged mold damage to her house could not survive and reversed that portion of this Court's judgment. *Id.* at 532-33. However, the Supreme Court also concluded that Page's contractual and extra-contractual claims relating to alleged mold damage to her personal property survived and affirmed that portion of this Court's judgment. *Id.* at 532-33. The case was then remanded to the trial court for further proceedings. *Id.* at 532-33.

On remand, the trial court conducted a jury trial on Page's remaining claims. At this time, Page was represented by two attorneys and an additional consultant/attorney, who assisted trial counsel with voir dire. At the conclusion of the evidence, the jury rejected all of Page's claims. Thereafter, the trial court signed a judgment that Page take nothing from State Farm Lloyds. The final judgment also awarded State Farm Lloyds $16,869.83 in court costs. This pro se appeal followed.

## II.    THE RECORD

At the outset of our analysis of Page's issues, we recognize that the record in this case includes three reporter's record volumes—one of which is labeled "Excerpts of Voir Dire Proceedings." In addition, the record includes three clerk's record volumes. Nevertheless, Page has filed a pro se "Optional Appendix," wherein Page includes several documents that were not formally included in the record. With regard to this, we note that we may not consider matters outside the appellate record, and attachment of documents as appendices to an appellate brief does not constitute formal inclusion in the record. *See* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."); *see also Kuntze v. Hall*, 371 S.W.3d 600, 601 (Tex. App.—Waco 2012, order); *Poston v. Wachovia Mortg. Corp.*, No. 14-11-00485-CV, 2012 Tex. App. LEXIS 3608, at *3 n.2 (Tex. App.—Houston [14th Dist.] May 8, 2012, no pet.) (mem. op.) (citing *Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). With that in mind, we review Page's issues.

### III. VOIR DIRE QUESTIONS ABOUT RELIGION

In her first issue, Page argues that her rights were violated by questions about veniremembers' religious practices. Specifically, Page asserts that she is a Seventh-Day Adventist and that it was discriminatory to only mention the juror numbers of those jurors who are also Seventh-Day Adventists.

The portion of voir dire that Page complains about in this issue involves the following questions asked by State Farm Lloyds's attorneys:

> Is there anyone here who knows the Plaintiff, Ms. Page, 44 and 46[?] Anybody else? Okay. And by the way, I am going to ask some questions, some of them may seem like that [sic] are personal questions, I need to ask those questions so that we can figure out whether we can get a jury that in this particular case is going to be fair and reasonable. So please don't hold that against us. The first thing I want to know just please raise your—there are three churches I want to ask about. Please raise your paddle if you are a Baptist. All right. Please raise your paddle if you are a Seventh-Day Adventist. 1, 5, 6, 36, and then please raise your paddle if you attend the Church of Christ. All right.

Though represented by three attorneys at trial, no objection was made to the foregoing questions.

Normally, to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* TEX. R. APP. P. 33.1(a); *Haryanto v. Saeed*, 860 S.W.2d 913, 918 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (concluding that appellant failed to preserve error because he did not object to statements and questions made by appellee's counsel during voir dire); *see also Parsons v. Greenberg*, No. 02-10-00131-CV, 2012 Tex.

App. LEXIS 888, at *17 (Tex. App.—Fort Worth Feb. 2, 2012, pet. denied) (mem. op.) (holding appellant waived his complaint on appeal that voir dire questioning about conspiracy theories was prejudicial because appellant did not lodge a specific objection).  If the party fails to do this, error is not preserved, and the complaint is waived.  *See Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g); *see also Parsons*, 2012 Tex. App. LEXIS 888, at *17.

Because Page did not object to the religion questions above, we conclude that error is not preserved, and thus, the complaint is waived.  *See* TEX. R. APP. P. 33.1(a); *Haryanto*, 860 S.W.2d at 918; *see also Parsons*, 2012 Tex. App. LEXIS 888, at *17.  Page's first issue is overruled.

### IV.    PAGE'S COMPLAINT ABOUT PANEL MEMBER #1

In her second issue, Page complains that State Farm Lloyds violated the constitutional rights of veniremember #1 by using a peremptory strike.  Page asserts that veniremember #1 was stricken from the panel due to her religious beliefs.  In this issue, Page invokes *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), as it has been extended to civil trials in *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 111 S. Ct. 2077, 114 L. Ed. 2d 660 (1991).

Once again, the record reflects that Page did not object to State Farm Lloyds's usage of one of its peremptory strikes to remove veniremember #1 from the panel.  Texas courts have held that even constitutional complaints, including those of *Batson* violations, may be waived by failing to object at trial.  *See Brumfield v. Exxon Corp.*, 63 S.W.3d 912, 919 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *In re K.M.B.*, 91

S.W.3d 18, 27 (Tex. App.—Fort Worth 2002, no pet.) ("To preserve a *Batson/Edmonson* challenge, the complaining party must object to the peremptory strike before the jury is sworn."); *see also Ward v. Baylor Univ.*, No. 10-11-00066-CV, 2012 Tex. App. LEXIS 1437, at *10 (Tex. App.—Waco Feb. 22, 2012, pet. denied) (mem. op.). Therefore, because Page did not object, we conclude that this error has not been preserved and is therefore waived. *See* TEX. R. APP. P. 33.1(a); *Brumfield*, 63 S.W.3d at 919; *In re K.M.B.*, 91 S.W.3d at 27; *see also Ward*, 2012 Tex. App. LEXIS 1437, at *10. We overrule Page's second issue.[1]

## V. PAGE'S DENIED CHALLENGES FOR CAUSE

In her third, fourth, and fifth issues, Page argues that the trial court erred in denying her challenges for cause as to veniremembers 6, 21, and 37 because each are purportedly State Farm policyholders and entitled to receive a dividend from State Farm. In her related ninth issue, Page complains that the trial court improperly interpreted the policy at issue with regard to whether it allows for dividends.

With regard to her third, fourth, and fifth issues, we recite the following applicable law:

> In civil suits in Texas district courts, each side has six peremptory challenges—more than litigants in most other states. TEX. R. CIV. P. 233. When a challenge for cause is denied, that error can be corrected by striking the veniremember peremptorily. Thus, the error is only harmful if this peremptory challenge would have been used on another objectionable veniremember.
>
> Accordingly, in *Hallett v. Houston Northwest Medical Center*, we held that to preserve error when a challenge for cause is denied, a party must use a peremptory challenge against the veniremember involved, exhaust

---

[1] As an aside, we express no opinion regarding the merits of Page's first and second issues.

its remaining challenges, and notify the trial court that a specific objectionable veniremember will remain on the jury list. 689 S.W.2d 888, 890 (Tex. 1985). This ensures that "the court is made aware that objectionable jurors will be chosen" while there is still time "to determine if the party was in fact forced to take objectionable jurors." *Id.*

*Cortez v. HCCI-San Antonio, Inc.*, 159 S.W.3d 87, 91 (Tex. 2005) (internal footnotes omitted). In *Hallett*, the Texas Supreme Court noted:

> The harm occurs only if the party uses all of his peremptory challenges and is thus prevented from striking other objectionable jurors from the list because he has no additional peremptory challenges. It is at this point that any harmful error occurs, i.e., when the court is made aware that objectionable jurors will be chosen. Thus, it is incumbent upon the complaining party to inform the trial court at that time of the error. Once informed, the court is able to determine if the party was in fact forced to take objectionable jurors.
>
> For these reasons[,] the complaining party waives any error by not timely bringing such error to the attention of the trial court prior to making his peremptory challenges. A party cannot wait until the trial is finished, then seek to reverse an unfavorable verdict by complaining of an error which the trial court could have corrected had it been timely informed of the error.

689 S.W.2d at 890.

Here, Page made her objections to the above-mentioned veniremembers after both parties had exercised their peremptory challenges and after Page knew of the composition of the jury. Consequently, Page's objections to the denial of her challenges for cause were made too late. *See Cortez*, 159 S.W.3d at 90-91; *Hallett*, 689 S.W.2d at 890; *see also Union Pac. R.R. v. Legg*, No. 03-07-00512-CV, 2009 Tex. App. LEXIS 6383, at **19-20 (Tex. App.—Austin Aug. 12, 2009, no pet.) (mem. op.) ("Moreover, any such error is waived if the party does not object in this manner until after the jury is selected. While the Leggs did present their objections in a proper manner, the objections were made

after their peremptory strikes were exercised and after the jurors' names were then announced. This was untimely."). As such, any error in the district court's refusal to strike the aforementioned veniremembers is waived. *See Cortez*, 159 S.W.3d at 90-91; *Hallett*, 689 S.W.2d at 890; *see also Legg*, 2009 Tex. App. LEXIS 6383, at **19-20. Accordingly, we overrule Page's third, fourth, and fifth issues.

In her ninth issue, Page contends that the trial court improperly interpreted the underlying policy regarding the issuance of dividends. However, in making this argument, Page cites no authority in support of her position. Texas Rule of Appellate Procedure 38 requires a party to provide the reviewing court with "a succinct, clear, and accurate statement of the argument made in the body of the brief." *Tesoro Petroleum Corp. v. Nabors Drilling U.S.A.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see* TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations."[2] *Tesoro Petroleum Corp.*, 106 S.W.3d at 128. Because Page has merely uttered a brief conclusory statement without legal support for this issue, we conclude that the issue has been inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *see also Tesoro Petroleum Corp.*, 106 S.W.3d at 128. As such, we overrule Page's ninth issue.

## VI. PAGE'S REQUEST FOR ADDITIONAL PEREMPTORY STRIKES

---

[2] We also recognize that Page elected to represent herself on appeal. Under Texas law, pro-se litigants, as Page is here, are held to the same standards as licensed attorneys with regard to compliance with applicable laws and rules of procedure. *See In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.")).

In her sixth issue, which consists of a paragraph and a quote without any legal authority, Page argues that the trial court erred by refusing to allow her additional peremptory strikes because she had to use some of her six strikes to exclude veniremembers 6, 21, and 37 that should have been excluded for cause. Because Page has merely uttered brief conclusory statements without legal support for this issue, we conclude that the issue has been inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *see also Tesoro Petroleum Corp.*, 106 S.W.3d at 128. As such, we overrule Page's sixth issue.

## VII.    PAGE'S COMPLAINTS ABOUT VENIREMEMBERS 14 AND 23

In her seventh and eighth issues, Page alleges that the trial court erred by allowing veniremembers 14 and 23 to serve on the jury because they are State Farm policyholders who are eligible to receive a dividend from State Farm.

In the present case, the record reflects that Page did not challenge either veniremember for cause. Moreover, Page does not cite us to portions of the record indicating that veniremembers 14 and 23 were eligible to receive a dividend from State Farm. Instead, she assumes that because these veniremembers are State Farm policyholders, they are entitled to dividends.

The Texas Supreme Court has mentioned the following with regard to error preservation:

> Important prudential considerations underscore our rules on preservation. Requiring parties to raise complaints at trial conserves judicial resources by giving trial court an opportunity to correct an error before an appeal proceeds. *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999). In addition, our preservation rules promote fairness among litigants. A party "should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal

by stating his complaint for the first time." *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam). Moreover, we further the goal of accuracy in judicial decision-making when lower courts have the opportunity to first consider and rule on error. Not only do the parties have the opportunity to develop and refine their arguments, but we have the benefit of other judicial review to focus and further analyze the questions at issue.

*In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003).

Because Page chose to forego challenging veniremembers 14 and 23 for cause, she cannot now argue for the first time on appeal that the trial court erred by failing to exclude veniremembers 14 and 23. *See* TEX. R. APP. P. 33.1(a); *In re B.L.D.*, 113 S.W.3d at 350; *see also In re Olshan Found. Repair Co. of Dallas, LLC*, 192 S.W.3d 922, 927 (Tex. App.—Waco 2006, orig. proceeding) (Gray, C.J., dissenting) ("Generally, judges are limited to answering the question presented, and only the question presented. Another well-recognized concept is that the lawyers, as advocates for the parties, give their clients the advice and counsel that the lawyers believe is appropriate, and work with the clients to implement a litigation strategy. When they choose to forego a position, argument, or objection, it is forfeited or waived."). Accordingly, we conclude that Page waived her complaints in these issues. *See* TEX. R. APP. P. 33.1(a); *In re B.L.D.*, 113 S.W.3d at 350; *see also In re Olshan Found. Repair Co. of Dallas, LLC*, 192 S.W.3d at 927. As such, we overrule Page's seventh and eighth issues.

## VIII. COURT COSTS

In her tenth issue, Page complains that she did not get a fair and honest trial; thus, she should not have to pay State Farm Lloyds's court costs. However, in making this argument, Page does not cite any facts or portions of the record, nor does she cite

any authority supporting her contention. Because Page has merely uttered a brief conclusory statement without legal support for this issue, we conclude that the issue has been inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *see also Tesoro Petroleum Corp.*, 106 S.W.3d at 128. Accordingly, we overrule Page's tenth issue.

## IX. CONCLUSION

Having overruled all of Page's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed December 5, 2013
[CV06]