In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00528-CV**
_____

**IN RE COMMITMENT OF THOMAS RAY PILGRIM**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-05-04994 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Thomas Ray Pilgrim as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). A jury found that Pilgrim is a sexually violent predator, and the trial court rendered a final judgment and an order of civil commitment. In four appellate issues, Pilgrim challenges the denial of his motion to strike particular veniremembers, the legal and factual sufficiency of the evidence, and arguments made by the State during closing. We affirm the trial court's judgment.

## Motion to Strike

In issue one, Pilgrim contends that the trial court improperly denied his motion to strike certain veniremembers for cause. During voir dire, Pilgrim's counsel asked the following questions:

> . . . Is there anyone here who thinks that someone who is convicted of a crime twice will commit that same crime again? If you're convicted of a crime twice you'll commit it again. . . .
>
> . . .
>
> Okay. Is there anyone here -- and I'll go row by row again. Is there anyone here who thinks that someone who is convicted of a crime twice is likely to commit the crime again? . . .

Numerous veniremembers answered these questions in the affirmative and some of them were dismissed by agreement. Pilgrim sought to strike the remaining veniremembers, but the trial court denied the request, explaining that:

> [T]he question is whether or not they suffer from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence, not whether [being] a repeat criminal makes [a person] likely to do it again.

After voir dire concluded and the parties took a recess, Pilgrim sought thirty-one additional strikes. The trial court stated, "normally, I might give them to you; but now that you're late I'm going to say: No." When the trial court presented the jury list to the parties, Pilgrim did not object. Seven of the challenged veniremembers became jurors.

2

"[T]o preserve error when a challenge for cause is denied, a party must use a peremptory challenge against the veniremember involved, exhaust its remaining challenges, and notify the trial court that a specific objectionable veniremember will remain on the jury list." *Cortez ex rel. Estate of Puentes v. HCCI-San Antonio, Inc.*, 159 S.W.3d 87, 90-91 (Tex. 2005). Simply challenging the jurors for cause is insufficient. *See Hallett v. Houston Nw. Med. Ctr.*, 689 S.W.2d 888, 889 (Tex. 1985). The record does not indicate that, before exercising peremptory challenges, Pilgrim advised the trial court that he would exhaust his peremptory challenges and that, after doing so, specific objectionable jurors would remain on the jury list. *See id*. at 890; *see also McCluskey v. Randall's Food Mkts., Inc.*, No. 14-03-01087-CV, 2004 Tex. App. LEXIS 9178, at *5 (Tex. App.—Houston [14th Dist.] Oct. 19, 2004, pet. denied) (mem. op.) ("If the record does not clearly reflect that the [] objection was made before the peremptory strikes were delivered to the court, any complaint regarding the failure to strike for cause is waived."). Nor did Pilgrim object to the jury as seated. Under these circumstances, Pilgrim has failed to preserve issue one for appellate review, and we overrule it.[1] *See Hallett*, 689 S.W.2d at 889-90; *see also McCluskey*, 2004 Tex. App. LEXIS 9178, at *5.

---

[1]Had the complaint been preserved, the issue in an SVP case is "whether a person has the behavioral abnormality required for an SVP." *In re Commitment of Bohannan*, 388 S.W.3d 296, 305 (Tex. 2012). That certain veniremembers

3

## Legal and Factual Sufficiency

In issues two and three, Pilgrim argues that the jury's verdict is not supported by legally and factually sufficient evidence. Pilgrim contends that the evidence fails to demonstrate that he currently suffers from a behavioral abnormality because, according to Pilgrim: (1) he did not commit his offenses "due to some sexual, sadistic urge to hurt his sexual partners. . .[;]" (2) none of his prison disciplinaries involved sexual misconduct; (3) evidence of his sexual offending occurred over a four-month period, and fails to meet the DSM-V's requirement for sexual sadism; (4) the evidence failed to show that he suffered from or acted upon any paraphilia disorder before or after the first of the three offenses, and Arambula's testimony did not establish that Pilgrim "currently has

---

believed a repeat offender is likely to commit another crime does not demonstrate that the jurors based their verdict on such feelings, rather than setting aside their beliefs and relying on the evidence demonstrating that Pilgrim suffers from a behavioral abnormality. *See Taber v. Roush*, 316 S.W.3d 139, 163-64 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (The trial court abuses its discretion by denying a challenge for cause "only if the record shows that the venire member was not able or willing to set aside personal beliefs to act impartially."). Additionally, at the conclusion of his voir dire examination, Pilgrim asked the panel if anyone had formed an opinion as to whether he is a sexually violent predator, but the record does not indicate that any jurors responded affirmatively. *See Cortez ex rel. Estate of Puentes v. HCCI-San Antonio, Inc.*, 159 S.W.3d 87, 93 (Tex. 2005) ("[V]eniremembers are not necessarily disqualified when they confess 'bias,' so long as the rest of the record shows that is not the case."). The trial court had the discretion to deny challenges for cause that were not established as a matter of law. *See id.*; *see also Taber*, 316 S.W.3d at 163-64.

recurrent fantasies, urges, or behaviors[;]" and (5) "Arambula failed to connect how one's *perceptions* of consensual versus forced sex prove that [Pilgrim] *currently* is 'aroused by the – either the psychological humiliation or the physical pain that somebody experiences in [his] partner[s].'"

Under legal sufficiency review, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* at 887. Under factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

In an SVP case, the State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). A person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes

him likely to engage in a predatory act of sexual violence. *Id*. § 841.003(a) (West Supp. 2014). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

In this case, Pilgrim admitted to three felony convictions for aggravated sexual assault, use of illegal narcotics, failure to complete sex offender treatment, receipt of disciplinaries while in prison, masturbation while in prison, and use of marihuana in prison. He testified that he was unsure of what triggered him to commit the three offenses and testified that he is "working on it." Pilgrim agreed that his thought process was outside the norm when he committed the offenses, but he stated that he is learning through sex offender treatment, which he intended to continue. He testified that he no longer uses drugs or feels compelled to commit sexual assault.

Dr. Michael Arambula testified that Pilgrim has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Arambula diagnosed Pilgrim with sexual deviance, polysubstance dependence, and unspecified personality disorder with antisocial features. In addition to these conditions, Arambula testified to the following factors that increase Pilgrim's likelihood of reoffending: number of victims, offenses against strangers, escalation of sexual acts, offenses while married and expecting a child, drug dealing, lack of stable employment, and callousness.

The jury was entitled to infer Pilgrim's current dangerousness from Arambula's testimony, Pilgrim's past behavior, and Pilgrim's own testimony. *See In re Commitment of Wilson*, No. 09-08-00043-CV, 2009 Tex. App. LEXIS 6714, at *14 (Tex. App.—Beaumont Aug. 27, 2009, pet. denied) (mem. op.). A mental diagnosis, such as sexual sadism, is not a prerequisite for civil commitment. *See In re Commitment of Richard*, No. 09-13-00539-CV, 2014 Tex. App. LEXIS 6974, at *6 (Tex. App.—Beaumont June 26, 2014, pet. denied) (mem. op.). As sole judge of the weight and credibility of the evidence, the jury could reasonably conclude that Pilgrim suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See In re Commitment of Bernard*, No. 09-10-00462-CV, 2012 Tex. App. LEXIS 4681, at **6-7 (Tex. App.—Beaumont June

7

14, 2012, pet. denied) (mem. op.); *see also Wilson*, 2009 Tex. App. LEXIS 6714, at \*14; *Almaguer*, 117 S.W.3d at 506; *Mullens*, 92 S.W.3d at 887. Viewing the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Pilgrim is a sexually violent predator; thus, the evidence is legally sufficient. *See* Tex. Health & Safety Code Ann. § 841.062(a); *see also Kansas v. Crane*, 534 U.S. 407, 413 (2002); *Mullens*, 92 S.W.3d at 885. Weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule issues two and three.

## Closing Argument

In issue four, Pilgrim maintains that the State engaged in improper jury argument. To obtain a reversal based upon improper jury argument, an appellant must show an error that (1) was not invited or provoked, (2) was preserved by the proper trial predicate, (3) was incurable by an instruction, a prompt withdrawal of the statement, or a reprimand by the trial court, and (4) by its nature, degree, and extent constituted reversibly harmful error. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839 (Tex. 1979). "[T]he complainant must show that the probability that the improper argument caused harm is greater than the probability that the verdict was grounded on the proper proceedings and evidence." *Id.* at 840.

8

During closing arguments, Pilgrim objected that the following arguments made by the State amounted to burden shifting:

> From [Pilgrim's] own words, how he views his crimes today, "I'm not sure, I can't remember" in response to [the prosecutor's] questioning over and over. "No, ma'am, no, ma'am." No, ma'am, that didn't happen. I -- but I may have had a gun on me, but I didn't point it at her. . . . I didn't point the knife at her." Those were findings, those were deadly weapon findings in the record. And the one time it would benefit him to say, "yes, I understand them. I understand the level of risk I did, I understand what I did, and I know what my triggers are," he still can't do it.
>
> . . . .
>
> It's not enough to say, "Well, I'm still learning about my triggers." That's great. But after eight months of a nine-month program, you need to know more about your offending. You need to know more about why you did what you did.
>
> . . . .
>
> Now, there are things that he can change about himself and things that he can't. . . . The things that he can change: He can admit what he did, admit that he has a problem. Take Step One. He could participate fully in the treatment that's been offered to him and get the help that's available to him, but he has not.
>
> . . . .
>
> And until he does, he will have that behavioral abnormality. It comes down to: What do you want to see, what sort of evidence do you want to see before you know that -- from somebody with that history to say that they are no longer likely to engage in a predatory act of sexual violence, and have you seen it?

9

The trial court overruled Pilgrim's objections, but the record does not indicate that Pilgrim obtained a ruling on the last argument. *See* Tex. R. App. P. 33.1(a)(2). On appeal, Pilgrim argues that the State attempted to "put in the jurors' minds that [Pilgrim] had some sort of obligation to refute the State's allegations and that his supposed failure to do so should be considered by the jury."

Assuming without deciding that the State's arguments were improper, the argument was not so extreme that a "'juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that to which he would have agreed but for such argument.'" *Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009) (quoting *Goforth v. Alvey*, 153 Tex. 449, 271 S.W.2d 404, 404 (1954)); *see In re Commitment of Grunsfeld*, No. 09-09-00279-CV, 2011 Tex. App. LEXIS 1337, at **4-5 (Tex. App.—Beaumont, Feb. 24, 2011, pet. denied) (mem. op.). As stated previously, the record contains sufficient evidence by which the jury could reasonably conclude that Pilgrim is a sexually violent predator. *See Reese*, 584 S.W.2d at 839; *see also In re Commitment of Fierro*, No. 09-12-00296-CV, 2013 Tex. App. LEXIS 2280, at **11-12 (Tex. App.—Beaumont Mar. 7, 2013, no pet.) (mem. op.). The trial court instructed the jury that the State bore the burden of proof, and we assume that the jury followed the trial court's instructions. *See Day*, 342 S.W.3d at 199. Nor were the State's arguments so inflammatory that

a timely instruction to disregard would not have alleviated the harm, if any, caused by the argument. *See Fierro*, 2013 Tex. App. LEXIS 2280, at *13. We cannot say that the complained-of arguments probably caused the rendition of an improper judgment. *See* Tex. R. App. 44.1(a). We overrule issue four and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 26, 2015
Opinion Delivered June 25, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.