

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-17-00418-CV

———————————————————

HONG LUO AND ZHENG CHEN, Appellants

V.

ROBERT L. LEVY, M.D. AND ROBERT L. LEVY, M.D. & ASSOCIATES, P.A.,
Appellees

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 14-03331-362

Before Sudderth, C.J.; Meier and Kerr, JJ.
Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellants Hong Luo and Zheng Chen appeal from the trial court's judgment in favor of Appellees Robert L. Levy, M.D. and Robert L. Levy, M.D. & Associates, P.A., arguing in a single issue that the trial court abused its discretion by refusing to strike two potential jurors.

After ruling on challenges for cause, the trial court adjourned to provide the attorneys a period of time in which to exercise their peremptory strikes. Immediately after the court reconvened, Appellants' counsel stated,

> I just want to make an objection for the record as to No. -- Juror Nos. 7 and 9 not being struck for cause and that I had to use my peremptory challenges that I would not have otherwise had to use on those two individuals. And I would request an additional strike for cause.

The trial court denied the request, and Appellants' counsel answered, "No," when the trial court asked, "Anything else?"

When a proper challenge for cause is denied, harm occurs only if the party has used one of its peremptory strikes on the venire member involved and is prevented from striking other objectionable jurors from the list because it has no additional peremptory strikes remaining. *Hallett v. Houston Nw. Med. Ctr.*, 689 S.W.2d 888, 890 (Tex. 1985). Part of the process of preserving error when a challenge for cause is improperly denied involves a party making the trial court aware that this harm has occurred, thus providing the trial court the opportunity to cure the harm caused by the improper denial of the challenge for cause. *See id.*

To preserve error, a party must inform the trial court—either prior to or contemporaneously with the tendering of peremptory strikes—that it has used its peremptory strike against the venire member involved and that it has exhausted its remaining strikes. *Cortez ex rel. Estate of Puentes v. HCCI-San Antonio, Inc.*, 159 S.W.3d 87, 90–91 (Tex. 2005) (citing *Hallett*, 689 S.W.2d at 890). The party must then identify to the trial court a specific objectionable venire member who will remain on the jury list because the party has no more strikes available. *Id.*; *Peery v. Stanley Mech. Tools, Inc.*, No. 02-05-00154-CV, 2006 WL 417183, at *1 (Tex. App.—Fort Worth Feb. 23, 2006, no pet.) (mem. op.); *see also In re T.N.*, 142 S.W.3d 522, 525 (Tex. App.—Fort Worth 2004, no pet.) (holding that appellant failed to preserve her complaint when she did not specifically identify an objectionable juror who would serve on the jury because of the trial court's failure to grant the challenges for cause or to allow her additional peremptory strikes). Only when the trial court is made aware that an objectionable juror will be chosen is the trial court then able to determine if the party was in fact forced to take an objectionable juror.[1] *Hallett*, 689 S.W.2d at 890.

Because Appellants' counsel did not notify the trial court which specific objectionable venire member or members remained on the jury list, he has failed to preserve this complaint for our review. *See Cortez*, 159 S.W.3d at 90–91; *Peery*, 2006

[1]Traditionally, the party will also make a request for relief, i.e., a request for the granting of an additional peremptory strike, and secure a ruling on that request. *Cf. Sullemon v. U.S. Fidelity & Guar. Co.*, 734 S.W.2d 10, 13–14 (Tex. App.—Dallas 1987, no writ) (holding that "[t]he *Hallett* decision does not require an objecting party to request additional challenges").

WL 417183, at *1; *cf. In re Commitment of Talley*, 522 S.W.3d 742, 747 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (observing that Talley preserved his complaint because after the trial court denied his challenges for cause to certain venire members, he used his peremptory strikes to strike those members from the jury and then identified venire members 7, 12, 17, 25, 27, 30, 32, 35, 36, and 37 as objectionable jurors whom he would have struck from the panel had the trial court granted his challenges for cause and several of those objectionable venire members served on the jury). Accordingly, we overrule Appellants' sole issue without reaching the merits and affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: September 20, 2018

4