Nancy Pool GRAHAM, et al.,
Appellants,

v.

FORD MOTOR COMPANY, et
al., Appellees.

No. 12–85–0288–CV.

Court of Appeals of Texas,
Tyler.

Nov. 26, 1986.

Elred Smith, Longview, for appellants.

Mike Patterson, Tyler, for appellees.

SUMMERS, Chief Justice.

On August 6, 1983, Ronnie Pool (Pool) was seriously injured while driving his 1983 Ford Ranger Pickup. On July 29, 1985, the appellant, Nancy Pool Graham (Graham), brought suit, as next friend of Pool's three minor children, against the appellees, Ford Motor Company and Dusty Rhodes Ford, Inc. (collectively referred to as Ford). Graham is Pool's ex-wife and the managing conservator of their three children. Graham sought damages from Ford for her children's loss of "the society, companionship, nurture, moral support and parental guidance of their natural father, Ronnie Pool" due to Pool's injuries. Ford moved for summary judgment asserting that Graham's petition failed to allege a cause of action recognized in the State of Texas. On October 9, 1985, the trial court granted Ford's motion for summary judgment. We affirm.

Graham brings a single point of error complaining that "the trial court erred in granting appellees' motion for summary judgment that appellants' petition asserted no cause of action recognized in the State of Texas." In support of her position, Graham fails to cite any Texas statute or case, but rather adopts verbatim the reasoning, rational, arguments, and authorities therein of *Theama v. City of Kenosha*, 117 Wis.2d 508, 344 N.W.2d 513 (1984).

Graham's cause of action, commonly called "loss of parental consortium,"[1] has not been recognized by Texas. The only Texas case, which we have found, that has addressed this issue is *Bennight v. Western Auto Supply*, 670 S.W.2d 373 (Tex.App.–Austin 1984, writ ref'd n.r.e.). In this case, a minor child sought damages from Western Auto for the loss and impairment of certain intangible aspects of her relationship with her mother, including her mother's affection, solace, comfort, companionship, society, and assistance. The court held that the minor child had not alleged a cause of action allowable under the laws of this state. *Bennight v. Western Auto Supply*, 670 S.W.2d at 379. Furthermore, we do not believe this cause of action was implicitly recognized by the Supreme Court of Texas in either *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983), which allows a parent to recover non-pecuniary damages for the wrongful death of a child, or *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), which allow an adult child to recover damages for mental anguish and loss of companionship resulting from their mother's wrongful death. Each case concerned the type of damages recoverable under the Texas Wrongful Death Act, Tex.Rev.Civ.Stat. Ann. art. 4675 (Vernon 1952).[2] This case is not based on wrongful death of Pool, but rather serious injuries to Pool. We decline to extend Texas law to allow this cause of action. It is not the role of an intermediate appellate court to create a new cause of action; such matters must be left to the legislature or the Supreme Court of Texas. *Bennight v. Western Auto Supply*, 670 S.W.2d at 379–80; *see Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983).

We hold that since there was no genuine issue of material fact and that Ford was

---

1. Thus far, only six states, Massachussetts, Michigan, Iowa, Wisconsin, Washington, and Vermont, have recognized a cause of action for loss of parental consortium. Since 1980, eight states, Florida, New York, Oregon, Georgia, North Dakota, Minnesota, Texas, and Illinois, have rejected this cause of action. Restatement (Second) of Torts § 707(a) (1967) also rejects

this cause of action. *See DeLoach v. Companhia de Navigacao Lloyd Brasileiro*, 782 F.2d 438, 440 (3d Cir.1986); Annot. 11 A.L.R. 4th 549 (1982).

2. Article 4675 was subsequently recodified as Tex.Civ.Prac.Rem.Code § 71.004 (Vernon 1986).

entitled to a judgment as a matter of law, the trial court did not err in granting Ford's motion for summary judgment. The judgment of the trial court is affirmed.