Robert RAMOS and Dora
Ramos, Appellants,

v.

CHAMPLIN PETROLEUM
COMPANY, Appellee.

No. 13–87–033–CV.

Court of Appeals of Texas,
Corpus Christi.

May 5, 1988.

Rehearing Denied May 26, 1988.

William J. Tinning, Corpus Christi, for appellants.

Rudy Gonzales, Jr., J. Chris Rodriguez, Chaves, Gonzales & Rodriguez, Corpus Christi, for appellee.

Before BENAVIDES, UTTER and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a take-nothing judgment in a personal injury/premises liability action brought by the appellants against the premises owner, Champlin Petroleum Company. Champlin Petroleum hired Yeargin Construction Company as the general contractor to construct a new petrochemical plant. Robert Ramos was employed by Yeargin. The appellants Robert, Dora, and Robert Michael Ramos commenced this action against Champlin after a welding lead was dropped by another Yeargin employee from an overhead worksite, striking Robert on the head and shoulder.

After a trial on the merits, a jury found that Champlin failed to mark off the work area or post a watchman in the area, but that such failure did not constitute negligence. The jury also found two hundred and fourteen thousand dollars in damages. In accordance with the jury's verdict the trial court entered the judgment in favor of Champlin.

On appeal the appellants assign four points of error: (1) that the trial court erroneously allowed a witness to testify at trial without a showing of good cause when appellee had not complied with Tex.R.Civ. P. 166b(5); (2) that the trial court was in error when it denied appellants' challenge for cause, resulting in the seating of an improper juror; (3) that the trial court erroneously entered a summary judgment against the cause of action asserted by the appellants' natural son, Michael Ramos, a minor; and (4) that the whole record reflects cumulative error which denied the appellants a fair trial, resulting in the rendition of an improper verdict.

In their first point of error, the appellants contend the trial court erred in failing to exclude the testimony of a fact witness when Champlin had not seasonably supplemented its answers to appellants' interrogatories. The record reflects Champlin was served with written interrogatories which were filed on June 13, 1983. Interrogatory number one requested names and addresses of each witness having knowledge regarding facts and circumstances relating to the occurrence made the basis of this suit. Likewise, the appellants, served with interrogatories from Champlin, were asked to disclose the names of employers which "started five years prior to the incident made the basis of this lawsuit up to and including the present...."

On June 11, 1986, approximately two months prior to trial, Champlin learned that Robert Ramos had recently been employed by Richmond Steel Erection Company. Champlin acquired this knowledge at the deposition of Dora Ramos, Robert's wife. The record reflects that "a couple of weeks" prior to trial an investigator employed by the appellee contacted Mr. Surface in Corpus Christi. On August 14, 1986, ten days before trial, Champlin supplemented its answer to interrogatory number one revealing its intent to call Steve Surface, a foreman employed by Richmond Steel, as a fact witness. However, in this supplementation, Champlin disclosed the witness' address as "Richmond Steel, 6240 North Houston Rosslyn Road, Houston, Texas."

At trial, when Champlin called Steve Surface to testify, the appellants timely objected on the grounds of surprise and preju-

dice. Counsel for the appellants informed the court that the witness had not been timely disclosed, that appellants had tried to contact the witness at the Houston address, that the address given was inaccurate and misleading, and that they had not been able to depose Surface.

In response to the appellants' objection, counsel for Champlin told the court that the late supplementation was the result of Mr. Ramos failing to supplement his own interrogatory inquiring into "ongoing employment;" that Champlin did not learn of Robert Ramos' employment until two months before trial; that Champlin used diligence to locate an individual having knowledge of Ramos' employment; and that once Champlin located Steve Surface it supplemented its answer. Champlin contended that Steve Surface's testimony was necessary to rebut proof of Mr. Ramos' loss of earning capacity. The court was informed the witness would testify that he had recently hired Mr. Ramos, he had seen Ramos' work, and Ramos was eligible for rehire. The trial court overruled appellants' objection indicating Mr. Surface would be allowed to testify as a rebuttal witness only.

Rule 166b(5) of the Texas Rules of Civil Procedure essentially provides that a party is under a duty to supplement his response to a request for discovery if he obtains information on the basis of which he knows the response, though correct and complete when made, is no longer true or complete, or is misleading. The rule further provides the response to a request for discovery must be supplemented thirty days prior to the beginning of trial unless the court finds that good cause exists for permitting the late supplementation. Tex.R.Civ.P. 166b(5).

A party who fails to supplement seasonably his response to a request for discovery in accordance with paragraph 5 of Rule 166b shall not be entitled to present evidence which the party was under a duty to provide in a supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter when the information required by Rule

166b concerning the witness has not been disclosed, unless the trial court finds that good cause sufficient to require admission exists.

Tex.R.Civ.P. 215(5).

■ Failure to supplement at least thirty days before trial automatically results in the loss of the opportunity to offer the witness' testimony unless the trial court finds good cause sufficient to require its admission. *Morrow v. H.E.B.*, 714 S.W.2d 297 (Tex.1986); *Yeldell v. Holiday Hills Retirement Nursing Center, Inc.*, 701 S.W.2d 243 (Tex.1985); *T.E.I.A. v. Garza*, 687 S.W.2d 299 (Tex.1985).

■ On appeal, Champlin contends that since the witness' testimony was admitted as rebuttal only, rules 166b(5) and 215(5) do not apply. We disagree. Neither rule 166b(5) nor 215(5) excludes from disclosure a rebuttal witness whose use is anticipated prior to trial. *Walsh v. Mullane*, 725 S.W.2d 263, 264–65 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Missouri–Kansas–Texas Railroad Co. v. Alvarez*, 703 S.W.2d 367, 370–71 (Tex.App.—Austin 1986, writ ref'd n.r.e.). The appellee relies on *Gannett Outdoor Co. v. Kubeczka*, 710 S.W.2d 79, 84 (Tex.App.—Houston [14th Dist.] 1986, no writ), for the proposition that rebuttal witnesses need not be disclosed. Appellee's reliance is misplaced. In *Gannett* the court of appeals held that a rebuttal witness need not be disclosed where the use of such witness could not be anticipated prior to trial, and whose exclusion would keep important testimony from the jury. *Gannett*, 710 S.W. 2d at 84. The court in *Gannett* found that the testimony of the plaintiff's rebuttal witness became necessary to refute surprise false testimony given by the defendant. *Id.* at 84. There is no such claim here. In the case before us, Steve Surface's testimony was anticipated prior to trial and there is no evidence that his testimony was necessary to refute surprise or false testimony.

■ We find that it is immaterial that Surface's testimony was offered and admitted as an anticipated rebuttal witness. He

had relevant knowledge and, therefore, the appellee must have complied with Tex.R. Civ.P. 166b(5) and 215(5). Since Champlin did not seasonally supplement its answer, Surface's testimony should have automatically been excluded unless there was a showing and a finding of good cause sufficient to require its admission. Tex.R.Civ.P. 215(5). The burden of showing good cause is on the party offering the testimony. *Yeldell,* 701 S.W.2d at 246. In this case, Champlin had the burden to show good cause not only for its late supplementation designating Steve Surface as a fact witness, but also for its complete failure to supplement its answer when it discovered that Surface was located in Corpus Christi, not Houston.

■ The trial court implicitly found good cause when it allowed Steve Surface to testify. Determination of good cause is within the sound discretion of the trial court and can only be set aside if that discretion was abused. *Morrow,* 714 S.W. 2d at 298; *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 442 (Tex.1984). We must look to see if the court acted without reference to any of the guiding rules and principles to determine if the trial court has abused its discretion. *Morrow,* 714 S.W.2d at 298. One of the guiding principles is that the party offering the testimony must show good cause for failure to timely supplement. *Morrow,* 714 S.W.2d at 298; *Nix v. H.R. Management Co.,* 733 S.W.2d 573, 574 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.).

■ We cannot find the court necessarily abused its discretion in finding good cause for the late supplementation, which named Surface as a witness; however, we do find that the appellee made no showing of good cause for failing to further supplement its answer when it became aware that the witness was located in Corpus Christi, not Houston. When Mr. Surface was contacted by an investigator for the appellee, it knew that its initial answer was incomplete when made or had become mislead-ing. Rule 166b(5) of the Texas Rules of Civil Procedure placed a duty on the appellee to supplement its answer and inform the appellants that Surface was located in Corpus Christi. *Morrow,* 714 S.W.2d at 297. Since Champlin failed to supplement, it was required to make a showing of good cause, irrespective of the appellants' lack of surprise or opportunity to depose the witness. *E.F. Hutton and Company Inc. v. Youngblood,* 741 S.W.2d 363, 364 (Tex. 1987); *Morrow,* 714 S.W.2d at 298. We find that Champlin did not show good cause for its complete failure to supplement Surface's address. The trial court, therefore, erred in failing to exclude his testimony. *Morrow,* 714 S.W.2d at 298.[1]

■ Before a judgment shall be reversed and a new trial ordered, an appellate court must be of the opinion that the error committed by the trial court was reasonably calculated to cause and probably did cause the rendition of an improper verdict. *Brewer v. Isom,* 704 S.W.2d 911, 912 (Tex. App.—Dallas 1986, no writ); *GATX Tank Erection Corp. v. Tesoro Petroleum Corp.,* 693 S.W.2d 617 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); Tex.R.App.P. 81(b).

■ Nearly all of Surface's testimony concerned the hiring of Robert Ramos at the First City Bank Tower III construction site, and his job performance from February, 1986 until June, 1986. Surface was Ramos' supervisor and was employed as foreman for a subcontractor of Spaw-Glass, the general contractor in charge of the Tower III construction project. Surface's testimony was relevant to the issue of future damages, specifically to the disputed issue of lost earning capacity. Since the jury found the damage issue in favor of the plaintiff but failed to find Champlin negligent, this testimony would not require reversal.

On re-direct testimony, Champlin elicited from Surface without objection, an answer that the general contractor (Spaw-Glass)

---

1. Surface's actual testimony would later reveal that he had been employed at a Corpus Christi construction job for an extended period of time, was still employed there at the time of trial and that appellee's investigator had contacted him in Corpus Christi, Texas two weeks before trial.

was responsible for safety at the Tower III construction site. Other witnesses including Ramos' own expert had testified that general contractors are customarily responsible for controlling or enforcing safety regulations. Additionally, the evidence before the jury relating to the negligence issues was well developed by both sides and included extensive expert testimony as to safety responsibilities at the project where Ramos was injured. Surface's testimony on re-direct was cumulative and does not require reversal. Because we find the admission of Surface's testimony was harmless, we overrule appellants' first point of error.

In their second point of error, appellants complain that the trial court erred in denying their challenge for cause to prospective juror Juanita Freer, forcing them to exercise a peremptory challenge on her, which resulted in the seating of another objectionable juror, Nancy Gordon. The jury verdict was a ten to two verdict against the appellants in which Nancy Gordon was a member of the majority.

We need not determine whether the court wrongfully excused prospective juror Freer. Harm occurred only if Ramos used all his peremptory challenges and was thereby prevented from striking other objectionable jurors because he had no additional peremptory challenges. *Hallet v. Houston Northwest Medical Center*, 689 S.W.2d 888, 890 (Tex.1985). In *Hallet*, the court held that in order to preserve error with regard to the refusal to excuse a prospective juror, an appellant *must advise* the court of two things:

"(1) that she would exhaust her peremptory challenges; and (2) that after exercising her strikes peremptory challenges, specific objectionable jurors would remain on the jury list." *Hallet*, 689 S.W. 2d at 890.

Appellants claim to have complied with the requirements of *Hallet*. A review of the record does not support their claim. Appellants failed to advise the court that they would exhaust their peremptory challenges; without such notice to the trial court any error was waived. *Id.*

Appellants' second point of error is overruled.

In their third point of error, appellants contend that the trial court erroneously entered summary judgment on the cause of action asserted by the appellant, Robert Michael Ramos, a minor. At trial, the appellants' minor child sought to recover damages for loss of enjoyment of life, loss of companionship, mental anguish, and damage to the family relationship. The "loss of parental consortium" is not a recognized cause of action under the laws of this State. *See Graham v. Ford Motor Co.*, 721 S.W.2d 554 (Tex.App.—Tyler 1986, no writ); *Bennight v. Western Auto Supply Company*, 670 S.W.2d 373 (Tex.App.—Austin 1984, writ ref'd n.r.e.).

The appellant relies on *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983), which allows recovery of non-pecuniary damages in wrongful death cases brought under the Texas Wrongful Death Act. Tex.Civ.Prac. Rem.Code § 71.004 (Vernon 1986). The Supreme Court of Texas has not yet recognized that a minor child has a cause of action against a third party who injured a parent. *See Graham v. Ford Motor Co.*, 721 S.W.2d at 555. As an intermediate appellate court, we are reluctant to create a new cause of action and decline to do so, believing that such matter is best left to the legislature or the Supreme Court of Texas.

Appellants' third point of error is overruled.

Appellants, in their fourth point of error, assert that the trial court abused its discretion in excluding from evidence a true and correct replica of a welding lead and in permitting a deposition to be taken in Mobile, Alabama, the city where the witness was located.

The trial court has broad discretion in ruling on the admissibility of evidence and in determining whether a deposition should be taken. We find that the trial court did not abuse its discretion and overrule these two additional errors asserted under appellants' fourth point alleging cumulative error.

The judgment of the trial court is AFFIRMED.