ACCEPTED
06-15-00007-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/30/2015 1:24:45 PM
DEBBIE AUTREY
CLERK

CASE NO. 06-15-00007-CV

IN THE COURT OF APPEALS
FOR THE SIXTH JUDICIAL DISTRICT OF TEXAS
TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/30/2015 1:24:45 PM
DEBBIE AUTREY
Clerk

HYDROGEO, LLC, ET AL., *APPELLANTS*

v.

QUITMAN INDEPENDENT SCHOOL DISTRICT, ET AL., *APPELLEES*

On Appeal from the 402nd Judicial District Court of Wood County, Texas,
Trial Court No. T-3625

## APPELLEES' BRIEF

LINEBARGER GOGGAN BLAIR
& SAMPSON, LLP

4828 Loop Central Drive, Suite 600
Houston, Texas 77081
(713) 844-3400 main phone
(713) 844-3504 fax
Edward J. (Nick) Nicholas
State Bar No. 14991350
Nick.Nicholas@LGBS.com
Anthony W. (Tony) Nims
State Bar No. 15031500
Tony.Nims@LGBS.com

ATTORNEYS FOR APPELEES

HYDROGEO, LLC, ET AL., *APPELLANTS*

v.

QUITMAN INDEPENDENT SCHOOL DISTRICT, ET AL., *APPELLEES*

## IDENTITY OF THE PARTIES AND COUNSEL

**Appellants**
Hydrogeo, LLC ("Hydrogeo")
and First Bank & Trust East
Texas ("First Bank")
(collectively "Appellants")

**Counsel for Hydrogeo, LLC and
First Bank & Trust East Texas**

J. Don Westbrook
Michel E. Starr
Coghlan, Crowson, LLP
1127 Judson Road, Suite 211
P.O. Box 2665
Longview, Texas 75606-2665

DeBerry Operating
Company, LLC ("DeBerry") [1]

**Counsel for DeBerry 3 Operating
Company, LLC**

Michael L. Dunn
Smead, Anderson & Dunn
2110 Horseshoe Lane
Longview, Texas 75606

**Appellees**
Wood County, Upper Sabine
Waste Disposal District and
Wood County Central
Hospital District
("Appellees")

**Counsel for Appellees**

Edward J. (Nick) Nicholas
Anthony W. (Tony) Nims
Linebarger Goggan Blair & Sampson, LLP
4828 Loop Central Drive, Suite 600
Houston, Texas 77081

---

[1]     DeBerry's appeal was severed (06-15-00036-CV) and then dismissed on July 24, 2015.

i

|  |  |
|---|---|
|  | Jim L. Lambeth<br>Alison Wylie<br>Linebarger Goggan Blair & Sampson, LLP<br>1517 W. Front Street, Suite 202<br>Tyler, Texas 75702 |
| **Appellee**<br>Quitman Independent District<br>School District<br>("Quitman ISD") | **Counsel for Quitman Independent School District**<br><br>David Hudson<br>Perdue, Brandon, Fielder,<br>Collins & Mott, LLP<br>P.O. Box 2007<br>Tyler, Texas 75710 |

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................... v

STATEMENT OF THE CASE .................................................................. 1

STATEMENT REGARDING ORAL ARGUMENT ........................................ 2

RE-STATEMENT OF THE ISSUES PRESENTED ........................................ 3

STATEMENT OF FACTS........................................................................ 4

SUMMARY OF THE ARGUMENT........................................................... 6

ARGUMENT AND AUTHORITIES ........................................................... 8

     ISSUE NO. 1. THE TRIAL COURT DID NOT ERR WHEN
     IT ADMITTED PLAINTIFF'S EXHIBIT A ~ *THE UPDATED*
     *TAX RECORDS* – INTO EVIDENCE............................................... 8

        A. Lack of Surprise Exception ...........................................8

        B. Appellants Were Not Unfairly Surprised ......................9

        C. The Trial Court Implicitly Found Good Cause by
           Admitting the Updated Tax Records Into Evidence ......10

        D. The Change Was Not Material ....................................12

        E. The Trial Court's Decision Should Be Upheld .............14

        F. Admission of the Updated Tax Records Did Not
           Result In An Improper Judgment ................................14

     ISSUE NO. 2. THE TRIAL COURT DID NOT ERR WHEN
     IT RULED THE ENTIRE TAX LIEN ENFORCEABLE
     AGAINST HYDROGEO AND FIRST BANK. .............................16

        A. The Judgment Only Forecloses on Real Property -
          Not Personal Property ................................................16

B.  Hydrogeo Admits that It Owns the Real Property  ........18

C.  The Updated Tax Records Prove the
Amounts Owed  ............................................................19

ISSUE NO. 3.  APPELLANTS FAILED TO PROVE
ANY REVERSIBLE ERROR OCCURRED, OR THAT
THE TRIAL COURT ABUSED ITS DISCRETION. . ................... 23

CONCLUSION AND PRAYER FOR RELIEF ................................................ 25

CERTIFICATE OF COMPLIANCE ................................................................ 27

CERTIFICATE OF SERVICE........................................................................ 27

# INDEX OF AUTHORITIES

**Cases**                                                                                   **Page**

*Alvardo v. Farh Mfg. Co.*, 830 S.W.2d 911, 914 (Tex.1992) ......................... 10

*Barnett v. County of Dallas*, 175 S.W.3d 919, 924 (Tex.App.-
    Dallas 2005, no pet.) ............................................................... 10

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex.2002) ......................... 24

*Cano v. Nino's Paint & Body Shop*, No. 14-08-00033-CV, 2009
    WL 1057622, at **3-4 (Tex.App.-Houston [14th Dist.],
    2009, no pet.)(mem. op.) ...................................................... 11, 14

*Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex.2004) ................................ 23

*Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex.1982) ......................... 20, 24

*Exxon Corp. v. W. Tex. Gathering Co.*, 868 S.W.2d 299, 304 (Tex.1993) ..... 13

*Felt v. Harris County*; No. 14-12-00327-CV, 2013 WL 1738604.
    at *3, (Tex. App.—Houston [(14th Dist], Apr. 23, 2013,
    no pet.) (mem. op.) ............................................................... 20

*Gatlin v. Moore*, No. 01-11-00738-CV, 2013 WL 655189, at *5
    (Tex.App.-Houston [1st Dist.] Feb. 21, 2013, no pet.)
    (mem. op.) ............................................................... 9, 11, 14

*Graff v. Whittle*, 947 S.W.2d 629, 639 (Tex.App.-Texarkana 1997,
    writ denied) ......................................................................... 10

*Griffin Indus. Inc. v. Honorable Thirteenth Court of Appeals*,
    934 S.W.2d 349, 355 (Tex.1996) ........................................ 23

*In re Barber*, 982 S.W.2d 364, 366 (Tex.1998) ............................................. 23

*In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 57 (Tex.1998) ........................ 23, 24

*Marin v. IESI Tx Corp.*, 317 S.W.3d 314, 323 (Tex.App.-
    Houston [1st Dist.] 2010, pet. denied) ............................................ 11, 14

*Matador Prod. Co. v. Weatherford Artificial Lift Systems, Inc.*,
    450 S.W.3d 580, 595 (Tex.App.-Texarkana 2014, pet. denied) ............. 14

*Maximum Medical Improvement, Inc. v. County of Dallas*,
    272 S.W.3d 832 (Tex. App.—Dallas, 2008, no pet.) ...................... 18, 19

*Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986) ............................. 14

*National Medical Financial Services, Inc. v. Irving ISD*,
    150 S.W.3d 901, 906 (Tex. App.—Dallas, 2004, no pet.) ..................... 21

*Navistar Int'l Transp. Corp. v. Crim Truck & Tractor Co.*, 883
    S.W.2d 687, 691 (Tex.App.-Texarkana 1994, writ denied) ................. 13

*Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex.2004) ................ 14

*Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43
    (Tex.1998) ......................................................................................... 14

*Perry Homes v. Cull*, 258 S.W.3d 580, 602 (Tex.2008) ................................ 23

*Pilgrim's Pride Corp. v. Smoak*, 134 S.W.3d 880, 902-3 (Tex.App.-
    Texarkana 2004, pet. denied) .................................................. 11, 12, 13

*Ramos v. Champlin Petroleum Co.*, 750 S.W.2d 873, 877 (Tex.App.-
    Corpus Christi 1998, pet. denied) .................................................. 11, 14

*Reagan v. Vaughn*, 804 S.W.2d 463, 464 (Tex.1990) .................................... 11

*Richards v. Tebbe*, No. 14-13-00413-CV, 2014 WL 2936425, at *7
    (Tex.App.-Houston [14th Dist.] June 26, 2014, no pet.)
    (mem. op.) ..................................................................................... 9, 14

*Sheffield, Tax Collector v. Hogg*, 77 S.W.2d 1021, 1024 (Tex.1934) ............. 17

*Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex.2009) ..................... 24

*Wal-Mart Stores, Inc. v. Tinsley*, 998 S.W.2d 664, 671 (Tex.App.-
    Texarkana 1999, pet. denied) ........................................... 10, 11, 14

*Williams v. County of Dallas*, 194 S.W.3d 29, 33 (Tex.App.-
    Dallas 2006, pet. denied) ............................................. 8, 9, 11, 13, 14, 15

## <u>Statutes, Regulations & Rules</u>            <u>Page</u>

TEX. R. APP. P. 9.4(i)(1) ....................................................................... 27

TEX. R. APP. P. 38.1(d) ........................................................................ 1

TEX. R. APP. P. 38.1(g) ........................................................................ 4

TEX. R. APP. P. 39 ............................................................................... 2

TEX. R. APP. P. 44.1 ........................................................................ 14, 23

TEX. R. CIV. P. 193.6 ........................................................................... 8

TEX. R. CIV. P. 193.6(a)(2) .................................................................... 8

TEX. TAX CODE § 1.04(2)(D) ............................................................... 16, 17

TEX. TAX CODE § 1.04(4) ................................................................... 16

TEX. TAX CODE § 25.02(b) .................................................................. 20

TEX. TAX CODE § 33.01 ................................................................... 12, 13

TEX. TAX CODE § 33.42(a) ................................................................ 10, 13

TEX. TAX CODE § 33.42(b) ................................................................ 10, 15

TEX. TAX CODE § 33.47(a) .............................................................. 20, 22, 24

## STATEMENT OF THE CASE

Appellant's Statement of the Case fails to comply with Rule 38.1(d), TEX. R. APP. P. Accordingly, Appellees provide the following Statement of the Case.

On July 24, 2012, Appellees filed their Original Petition to recover ad valorem taxes owed on real property for tax years 2009 through 2011 ("Tax Suit). (CR at 8-14). On July 2, 2013, Appellees filed their First Amended Petition which added Hydrogeo and First Bank as Defendants. (CR at 36-43). On August 8 and 14, 2013, respectively, Hydrogeo and First Bank filed their First Amended Answers. (CR 54-57 and 58-60). On March 6, 2014, Appellees filed their Second Amended Petition. (CR 164-69). On September 18, 2014, the case was tried before the Honorable G. Timothy Boswell, Presiding Judge of the 402nd Judicial District Court of Wood County, Texas. (RR Vol. 2, p. 7-119). On January 14, 2015, the Trial Court entered a Judgment against Hydrogeo, First Bank and others, and in favor of Appellees and Quitman ISD. (CR 199-203). On February 4 and 26, 2015, the Trial Court issued identical Findings of Fact and Conclusions of Law. (CR 217-21 and 227-31, respectively). On January 21, 2015, Appellants filed their Notice of Appeal. (CR 204-05). Appellants' Brief was filed on July 2, 2015.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees do not believe that oral argument would significantly aid the decisional process, but if the Court grants oral argument, then the customary time limits should apply. Rule 39, TEX. R. APP. P.

**RE-STATEMENT OF THE ISSUES PRESENTED**

**ISSUE NO. 1**

**THE TRIAL COURT DID NOT ERR WHEN IT ADMITTED PLAINTIFFS' EXHIBIT A ~ *THE UPDATED TAX RECORDS* ~ INTO EVIDENCE.**

**ISSUE NO. 2**

**THE TRIAL COURT DID NOT ERR WHEN IT HELD THE ENTIRE TAX LIEN ENFORCEABLE AGAINST HYDROGEO AND FIRST BANK.**

**ISSUE NO. 3**

**APPELLANTS FAILED TO PROVE ANY REVERSIBLE ERROR OCCURRED, OR THAT THE TRIAL COURT ABUSED ITS DISCRETION.**

## STATEMENT OF FACTS

Because it fails to "state concisely and without argument the facts pertinent" to this appeal, Appellant's Statement of Facts violates Rule 38.1(g), TEX.R.APP.P. (Brief at 1-5).  Therefore Appellees object to Appellant's Statement of Facts in its entirety, and provide the following Statement of Facts in the alternative.

On July 24, 2012, Appellees filed the Tax Suit to recover delinquent taxes on four Tracts of real property for tax years 2009 through 2011. (CR at 8-14).  Subsequently, Appellees' Second Amended Petition limited the Tax Suit to two Tracts of real property:

> Tract 1 is a 0.833335 Interest in the White Denton Lease #154550, Abstract 588, the D Townsend Survey; and

> Tract 2 is a 0.875 Working Interest in the IE Robinson Lease #133400, Abstract 588, the D Townsend Survey.

(collectively "Real Property") (CR at 164-169).  The case was tried on September 18, 2014, and a Judgment was entered on January 14, 2015.  (CR at 199-203).  The Judgment was against Hydrogeo, First Bank and others, and in favor of Appellees and Quitman ISD.  (*Id*.).  The Trial Court also entered Findings of Fact and found that, as of the day of trial:

> (a)    Taxes, penalties and interest in the amount of $82,403.87 were due and owing on the two Tracts,

4

(b) Hydrogeo and DeBerry owned Tract 1 and First Bank was a lienholder on Tract 1, and

(c) Hydrogeo owned Tract 2 and First Bank was a lienholder on Tract 2.

(CR at 217-221, Findings of Fact, ¶¶ 1, 8-9, and 17-18 and 227-31, Findings of Fact, ¶¶ 1, 8-9, and 17-18).

The Trial Court then concluded that Appellees were entitled to recover: (a) an in rem Judgment from Hydrogeo and First Bank on the Real Property, (b) a Judgment foreclosing the tax liens attached to the Real Property, and (c) an Order of Sale. (CR at 217-221, Conclusions of Law, ¶¶ 6-7, 10 and 12, and 227-31, Conclusions of Law, ¶¶ 6-7, 10 and 12).

5

## SUMMARY OF THE ARGUMENT

Appellants argue that the Trial Court erred when it admitted Plaintiffs' Exhibit A into evidence. However, Plaintiffs' Exhibit A[2] is a tax record which was just updated to include the taxes, penalties and interest which had accrued since a prior production. Moreover, Appellants could not have been surprised by the change because Appellees, in their Petitions and discovery responses, had provided Appellants advance notice that they would seek all taxes that became delinquent subsequent to the filing of the lawsuit, up to the day of judgment. Moreover, the Updated Tax Records did not contain a material change from the previous tax record, and therefore did not require supplementation, and could not have resulted in an improper Judgment because the TEX. TAX CODE ("TAX CODE") requires the taxing authority to seek, and the Judgment to award, all taxes, penalties and interest due and owing as of trial. Therefore, because the Updated Tax Records did not constitute an unfair surprise, and could not have resulted in an improper Judgment, the Trial Court had a legitimate basis for implicitly finding good cause and admitting the Updated Tax Records.

---

[2] The document which Appellants identify as Plaintiff's Exhibit A is Appellees' "Certified Copy of Tax Records" dated August 22, 2014. (RR Vol. 3, Exhibit A, hereafter "Updated Tax Records").

Appellants also argue that the Trial Court erred when it found the entire tax lien enforceable against Appellants. However, the tax lien forecloses on Real Property - not Appellants' personal property, and the Judgment is supported by: (a) Hydrogeo's admissions that it owns the Real Property, (b) Appellees' prima facie case establishing the amount of delinquent taxes, penalties and interest owed, (c) the testimony of Wood County's Tax Assessor-Collector on both of these topics, and (d) the Appellants' failure to offer any evidence challenging the amounts listed in the Updated Tax Records.

In addition, Appellants failed to prove that any reversible error occurred, or that the Trial Court abused its discretion.

Accordingly, the Trial Court's Judgment should be affirmed in its entirety.

**ARGUMENT AND AUTHORITIES**

**ISSUE NO. 1**

**THE TRIAL COURT DID NOT ERR WHEN IT ADMITTED PLAINTIFFS' EXHIBIT A ~ *THE UPDATED TAX RECORDS* ~ INTO EVIDENCE.**

Appellants claim that, pursuant to Rule 193.6, TEX. R. CIV. P., the Trial Court erred when it admitted the Updated Tax Records because they had not been produced prior to trial. (Brief at 7-11). Moreover, Appellants claim that Rule 193.6 automatically requires exclusion in such cases. (*Id*.). However, Rule 193.6(a)(2) does not require exclusion when the complaining party will not be unfairly surprised by the admission.

A.   Lack of Surprise Exception

Rule 193.6(a)(2) states that a party who fails to produce or supplement evidence may not introduce the evidence that was not timely disclosed, unless "the failure to timely make, amend, or supplement, the discovery response will not unfairly surprise or unfairly prejudice the other parties." In a case virtually identical to this case, *Williams v. County of Dallas*, 194 S.W.3d 29, 33 (Tex.App.-Dallas 2006, pet. denied), the Court held that, because the taxing units provided notice that they would be seeking recovery of all unpaid taxes, the taxing unit's failure to produce a tax statement would not unfairly surprise the taxpayer:

8

It is not disputed that the taxing units did not disclose the tax statement in response to Williams' request for disclosure. However, it is clear Williams was given notice that the taxing units were attempting to collect all unpaid taxes assessed against the property, not just unpaid taxes through 1999. In their original petition, the taxing units described the property against which the taxes were assessed; stated they sought delinquent taxes, penalties, interest, and costs owed against the property; attached a copy of the taxes delinquent through 1999; and gave notice the lawsuit included all claims for taxes becoming delinquent on the property after the lawsuit was filed and up to the day of judgment.

The court concluded that a lack of unfair surprise "was a legitimate basis for the trial court to admit the delinquent tax statement in evidence." *Id*. *See also*, *Richards v. Tebbe*, No. 14-13-00413-CV, 2014 WL 2936425, at \*7 (Tex.App.-Houston [14th Dist.] June 26, 2014, no pet.)(mem. op.) (Appellant was not unfairly surprised when he knew the evidence existed and he had equal access to it); *Gatlin v. Moore*, No. 01-11-00738-CV, 2013 WL 655189, at \*5 (Tex.App.-Houston [1st Dist.] Feb. 21, 2013, no pet.)(mem. op.)(no abuse of discretion when Appellant was not unfairly surprised by the admitted evidence).

## B.    Appellants Were Not Unfairly Surprised

Appellants were not unfairly surprised by the Updated Tax Records because Appellees' Original, First Amended and Second Amended Petitions expressly state:

Claims for all taxes becoming delinquent on said property at any time subsequent to the filing of this suit, up to the day of judgment, including all penalties, interest, attorney's fees, and costs on same, are

9

incorporated in this suit, and Plaintiff(s) is entitled to recover the same, upon proper proof, without further citation or notice.

(CR at 9, ¶ II, at 37, ¶ II; at 165, ¶ II).

Furthermore, Appellees disclosed, in their Responses to Appellants' discovery requests[3], that they were seeking taxes pursuant to the TAX CODE, which includes §§ 33.42(a) ("a taxing unit *shall* include all delinquent taxes due the unit on the property"), and 33.42(b) ("the court *shall* include the amount of the tax and any penalty and interest in its judgment." )(emphasis added).  Moreover, Appellants had equal access to the information because tax records are public records[4]. Accordingly, Appellants could not have been surprised by the Updated Tax Records.

C.    The Trial Court Implicitly Found Good Cause by Admitting
      the Updated Tax Records into Evidence

The Trial Court has discretion to determine whether the offering party has shown good cause to admit the evidence.  *Wal-Mart Stores, Inc. v. Tinsley*, 998 S.W.2d 664, 671 (Tex.App.-Texarkana 1999, pet. denied), citing, *Alvardo v. Farh*

---

[3]    See: (a) Appellees' Response to Hydrogeo's Request for Disclosure (CR at 69-72 and more specifically at 70, ¶¶ 3-4, p. 2) and attached documents (CR at 73-77), and (b) Appellees' Responses to Appellants' Request for Admissions, Interrogatories and Request for Production (CR at 78-87 and specifically Appellees' answers to Interrogatories No. 12 and 13, at 82-83, and responses to Requests for production No. 7 and 8, at 85) and attached documents (CR at 88-163 and more specifically 143-63)

[4]    See *Barnett v. County of Dallas*, 175 S.W.3d 919, 924 (Tex.App.-Dallas 2005, no pet.) (court did not abuse discretion by denying motion to compel county to produce public record); *Graff v. Whittle*, 947 S.W.2d 629, 639 (Tex.App.-Texarkana 1997, writ denied) (public records not considered in possession of any party).

10

*Mfg. Co.*, 830 S.W.2d 911, 914 (Tex.1992). Moreover, the Trial Court can ***implicitly*** find good cause just by admitting the evidence:

> The trial court ruling 'does not expressly state that Tinsley demonstrated good cause in failing to supplement … We find, however, that the trial court implicitly found good cause'.

*Wal-Mart*, 998 S.W.2d at 671, citing, *Ramos v. Champlin Petroleum Co.*, 750 S.W.2d 873, 877 (Tex.App.-Corpus Christi 1998, pet. denied)[5] ("The trial court implicitly found good cause when it allowed Steve Surface to testify.").

Texas courts have found good cause to be shown by information contained in: (a) pleadings[6], (b) discovery responses[7], and even (c) discussions between counsel[8]. In this case, good cause is shown by:

(a)     Appellees providing Appellants notice, more than a year before trial, that they are seeking "all taxes becoming delinquent on said property at any time subsequent to the filing of this suit, up to the day of judgment". (*See* Original, First Amended and Second Amended Petitions, CR at 9, ¶ II; at 37, ¶ II; and at 165, ¶ II, respectively);

---

[5]     Abrogated on other grounds, *Reagan v. Vaughn*, 804 S.W.2d 463, 464 (Tex.1990).

[6]     *Gatlin*, 2013 WL 655189, at *5; *Marin v. IESI Tx Corp.*, 317 S.W.3d 314, 323 (Tex.App.-Houston [1st Dist.] 2010, pet. denied); *Cano v. Nino's Paint & Body Shop*, No. 14-08-00033-CV, 2009 WL 1057622, at **3-4 (Tex.App.-Houston [14th Dist.] 2009, no pet.)(mem. op.); and *Williams*, 194 S.W.3d at 33.

[7]     *Gatlin*, 2013 WL 655189, at *5; *Marin*, 317 S.W.3d at 323.

[8]     *Pilgrim's Pride Corp. v. Smoak*, 134 S.W.3d 880, 902-3 (Tex.App.-Texarkana 2004, pet. denied) (change in evidence was discussed at pretrial conference).

(b)    Appellees providing Appellants the same notice[9] in Appellees' Response to Hydrogeo's Request for Disclosure[10], and Appellees' Responses to Appellants' Request for Admissions, Interrogatories and Request for Production[11]; and

(c)    prior to admitting the Updated Tax Records, the Trial Court verified that the Updated Tax Records were simply an update of the previously produced tax records:

> The Court:      So this is simply the updated tax rolls?
> Mr. Lambeth:    Yes, Your Honor.
> The Court:      The Court recognizes there is a duty to supplement, but given the nature of this, I'm going to overrule the objections and admit it.

(RR Vol. 2, p. 9, l. 2-7).  Clearly the Trial Court implicitly found good cause when it admitted the Updated Tax Records into evidence.

## D.    The Change Was Not Material

The change between the tax records that were produced in 2013 and the Updated Tax Records was not material, and therefore it was admissible without supplementation.  *Pilgrim's*, 134 S.W.3d at 902 (The change was not a material

---

[9]    Appellants were also provided the August 2013 tax records (CR at 73-77) which contained the information necessary to calculate the amounts that would be due and owing on the date of trial per § 33.01, TAX CODE.
[10]    CR at 69-72 and more specifically at 70, ¶¶ 3-4, p. 2.
[11]    CR at 78-87 and specifically Appellees' answers to Interrogatories No. 12 and 13, at 82-83, and response to Requests for production No. 7 and 8, at 85.

12

change, "[t]he only difference was a change to the post-accident wages variable. This falls somewhere between a refinement in calculations, (citation omitted), and an expansion of an already disclosed subject, (citation omitted), both of which are admissible without the need for supplementation.")[12].

As applied, Appellants' position would require Appellees to produce a new tax statement every time additional taxes, penalties and interest are added to an account - *even if it is just 1 penny*. However, Texas law does not require supplementation when the change is not material. (*Id*.). Here, the only change was the addition of taxes, penalties and interest that had accrued between the last production date and the date of supplementation. (CR at 144-48 (November 5, 2013); RR Vol. 3, Exhibit A (August 22, 2014)). This change was not material (approximately 6.032%), was required by the TAX CODE[13], and was calculated pursuant to the TAX CODE.[14] Accordingly, Appellees were not even required to produce the Updated Tax Records, and therefore, the Trial Court did not err when it admitted them into evidence.

---

[12]    The cases cited were *Exxon Corp. v. W. Tex. Gathering Co.*, 868 S.W.2d 299, 304 (Tex.1993) and *Navistar Int'l Transp. Corp. v. Crim Truck & Tractor Co.*, 883 S.W.2d 687, 691 (Tex.App.-Texarkana 1994, writ denied), respectively.
[13]    *Williams*, 194 S.W.3d at 33, citing, § 33.42(a), TAX CODE ("taxing unit shall include all taxes due on property in suit to collect delinquent taxes.").
[14]    § 33.01, TAX CODE.

E.    The Trial Court's Decision Should Be Upheld

The Trial Court's decision to admit the Updated Tax Records must be upheld if there is any legitimate basis for the ruling. *Marin*, 317 S.W.3d at 322, citing, *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998); *Cano* 2009 WL 1057622, at *2; *Ramos*, 750 S.W.2d at 877 ("Determination of good cause is within the sound discretion of the trial court and can only be set aside if that discretion was abused."), citing, *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986).  Texas courts have repeatedly held that <u>a lack of unfair surprise is a legitimate basis for admitting evidence</u>. *Williams*, 194 S.W.2d at 33, *Richards*, 2014 WL 2936425, at *7 and *Gatlin*, 2013 WL 655189, at *5.  Accordingly, the Trial Court's decision to admit the Updated Tax Records should be upheld.


F.    Admission of the Updated Tax Records Did Not Result
      In An Improper Judgment

A Court of Appeals should "reverse only when the trial court's error in admitting or excluding evidence probably resulted in an improper judgment." *Matador Prod. Co. v. Weatherford Artificial Lift Systems, Inc.*, 450 S.W.3d 580, 595 (Tex.App.-Texarkana 2014, pet. denied), citing, *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex.2004); Rule 44.1, Tex. R. App. P.

Appellants claim that – because the Updated Tax Records were the only evidence admitted, the admission had to result in an improper Judgment. (Brief at

14

11). However, the Updated Tax Records were supported by, *inter alia*, the testimony of Ms. Carol Taylor, who testified: (a) she was Wood County's Tax Assessor-Collector, (b) the Updated Tax Records were records of her office and (c) that Hydrogeo, as the owner of Tracts 1 and 2, owed the taxes listed in the Updated Tax Records:

Q.     There's no taxes due, correct?
A.     Taxes following the property, yes, sir, there are.
Q.     [Referring to the Updated Tax Records] Do you see any of
       those documents that says Hydrogeo owes taxes?
A.     Based on the fact that Hydrogeo is now the owner of the
       same decimal interest of the delinquent taxes, yes, sir.

(RR Vol. 2, (a) p. 79, l. 8-13, (b) p. 80, l. 4-11, and (c) p. 85, l. 24 through p. 86, l. 6).

Moreover, the Updated Tax Records did not result in improper Judgment because Texas law requires that all post-filing amounts be included in the Judgment. *Williams*, 194 S.W.3d at 33, citing, § 33.42(b) (If taxes become delinquent after suit is filed, "the court shall include the amount of the tax and any penalty and interest in its judgment."). Therefore, the Trial Court would have erred if the Judgment ***did not*** include the amounts contained in the Updated Tax Records.

Accordingly because there was a legitimate basis for the Trial Court's decision to admit the Updated Tax Records, and because that admission did not result in an improper Judgment, this Court should find that the Trial Court did not err when it admitted the Updated Tax Records into evidence.

## ISSUE NO. 2

**THE TRIAL COURT DID NOT ERR WHEN IT RULED THE ENTIRE TAX LIEN ENFORCEABLE AGAINST HYDROGEO AND FIRST BANK.**

Appellants argue that the Trial Court erred when it found them liable in rem for the entire amount of taxes owed on the Real Property. However, the Trial Court did not err because the Judgment forecloses a lien on Real Property – not personal property, and because Appellees supplemented their prima facie evidence with witness testimony.

A.    The Judgment Only Forecloses On Real Property – Not Personal Property

Appellees' Second Amended Petition ("Petition") was the live pleading at trial and it sought to foreclose a tax lien on two real property tax accounts. (CR at 164-69). As described in the Petition, Tracts 1 and 2 are identified as interests in a mineral interest lease in Abstract 588 of the real property records of Wood County, Texas. (*Id.*). Pursuant to the Tax CODE, "Real property" includes "a mineral in place", and "Personal property" is defined as "property that is not real property". §§ 1.04(2)(D) and (4), TAX CODE. Further, it has long been established in Texas that an oil and gas lease "operates to invest the lessee with a determinable fee in oil and gas in place", and that it conveys an "interest in land, subject to taxation as such in

16

the counties in which the respective tracts of land are situated." *Sheffield, Tax Collector v. Hogg*, 77 S.W.2d 1021, 1024 (Tex.1934).

Appellants mistakenly cite to the Petition as proof that a portion of the Judgment was due to Hydrogeo's personalty, and that Appellees sought to foreclose a lien against both personal and real property. (Brief at 16) ("Its petition states that 'the value of any personal property ***that may be described above***, and which the tax lien is sought to be enforced, is in excess of FIVE HUNDRED AND NO 100/DOLLARS ($500.00)". (emphasis added). However, the Petition is a form petition ***and there is no personal property described above***. (CR at 164-69, and more specifically 165-67). The only property described in the Petition are Tracts 1 and 2 – which are Real Property. *Id.*; § 1.04(2)(D); *Sheffield,* 77 S.W.2d at 1024. Nothing in the Petition, or the evidence introduced at trial, purports to foreclose a lien on pipelines, tanks, equipment or any other personal property. More importantly, the Judgment only forecloses the tax lien against Real Property (Tracts 1 and 2). (CR at 199-203, and more specifically 199-200).

As a result, the Appellants' arguments that the tax lien should not attach to the personal property, and/or that Hydrogeo bought the personal property as a buyer in the ordinary course of business, are not relevant or applicable because the Appellees only sought, and were only awarded, a Judgment against the Real Property - not the personal property.

17

B.    Hydrogeo Admits that It Owns the Real Property

Appellants also argue that the Updated Tax Records are insufficient to prove ownership. (Brief at 12-13). However, Hydrogeo admitted at trial that it owns the Real Property through the testimony of its owner, Mr. William Godsey, Jr.[15], and its designated Landman, Ms. Loretta Ward[16]. Accordingly, this testimony, standing alone, proves that Hydrogeo owns the Real Property.

Moreover, Appellants reliance on *Maximum Medical Improvement, Inc. v. County of Dallas*, 272 S.W.3d 832 (Tex. App.—Dallas, 2008, no pet.) is misplaced. In *Maximum Medical,* the Court noted that the certified tax statement showed the tax to be assessed against a party other than the defendant, that the defendant had raised a denial of ownership in its pleadings, and concluded that Dallas County did not introduce legally sufficient evidence to support its claim that MMI owned the property. (*Id.,* at 837). But *Maximum Medical* only applies when the taxpayer denies ownership, and here Hydrogeo admits ownership. Moreover, *Maximum Medical* involved a tax claim for *personal liability on personal property*. Here, Appellees only sought to foreclose their tax lien *in rem on Real Property*. More importantly, the Trial Court only awarded an in rem Judgment.

---

[15]    Mr. Godsey testified that Hydrogeo owns 50% in the Denton well (Tract 1) and 100% in the Robinson well (Tract 2). (RR Vol. 2, p. 53, l. 3-7 and p. 54, l. 4-18).

[16]    Ms. Ward testified that she was a Petroleum Landman retained by Hydrogeo to research Wood County records, and that Hydrogeo owned the Denton (Tract 2) and Robinson (Tract 1) wells. (RR Vol. 2, p. 23, l. 16-24, p. 25, l. 14-21).

18

That [Quitman ISD and Appellees] … recover of and from the following named Defendants, if any, **an in rem judgment** in the amount of taxes, penalties, interest, attorneys fees, and costs shown above: **Hydrogeo, LLC; Deberry 3 Operation Company, LLC; and First Bank & Trust East Texas**;

(CR at 199-203, and more specifically 201) (first emphasis added, second emphasis in Original).  Therefore, *Maximum Medical* is not applicable to this case.

Accordingly, based on the testimony of Hydrogeo's President and Landman, coupled with the testimony of Wood County's Tax Assessor-Collector and the Updated Tax Records,[17] the Trial Court had sufficient evidence to find that Hydrogeo owns the Real Property.

C.    The Updated Tax Records Prove the Amounts Owed

The Court admitted the Updated Tax Records which are certified tax statements setting forth the amount of taxes, penalties and interest due on the subject tax accounts.  (RR Vol. 2, p. 9, l. 2-7).  The TAX CODE provides that the certified tax statements constitute prima facie evidence of, *inter alia*, the amounts of delinquent taxes, penalties and interest owed by the taxpayer:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with the

---

[17]    (RR Vol. 2: (a) p. 53, l. 3-7 and p. 54, l. 4-18; (b) p. 23, l. 16-24 and p. 25, l. 14-21; (c) p. 85, l. 24 through p. 86, l. 6); and (d) RR Vol. 3, Exhibit A).

requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

Section. 33.47(a), TAX CODE.

Further, the Texas Supreme Court has held that a certified tax statement, by itself, is prima facie evidence of every fact necessary for a taxing jurisdiction to prevail:

> Under these principles, the taxing authority established its prima facie case as to every material fact necessary to establish the cause of action when it introduced a copy of the delinquent tax record, certified by the proper taxing authority to be true and correct with the amount stated thereon to be unpaid.

*Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex.1982).

Appellants, however, argue that the Updated Tax Records do not prove the amounts owed because the wrong owner is listed on the records. (Brief at 14). But misidentification of the owner is only relevant to the question of ownership, it does not affect the presumption in favor of the amounts due and owing:

> [A] certified delinquent-tax statement is prima facie evidence of the amount of penalties, tax and interest, and on those matters, and the County relied solely on the presumption under section 33.47(a) that these amounts are due, delinquent and unpaid. Felt offered no evidence to rebut that presumption, ***which is not undermined by the misidentification of the property's owner***.

*Felt v. Harris County*; No. 14-12-00327-CV, 2013 WL 1738604, at *3, (Tex. App.— Houston [(14th Dist], Apr. 23, 2013, no pet.) (mem. op.) (emphasis added), citing, TAX CODE § 25.02(b) ("A mistake in the name or address of an owner does not affect

20

the validity of the appraisal records, of any appraisal or tax roll based on them, or of the tax imposed.").

Once the prima facie case is established, "the burden then shifts to the taxpayer to show, by introducing competent evidence, that he has paid the full amount of taxes, penalties and interest, or that there is some other defense that applies to his case." *National Medical Financial Services, Inc. v. Irving ISD*, 150 S.W.3d 901, 906 (Tex. App.—Dallas, 2004, no pet.). As a result, the Appellants bore the burden of proof on any challenge to the amounts listed in the Updated Tax Records.

But Appellants did not offer any evidence regarding whether any portion of the personal property's value was included in the Real Property's appraised value. Although Hydrogeo's President testified as to his "opinion as to the value of the personalty", and compares his opinion to the Real Property's appraised value, he does not testify as to what amount of the personalty's value was – or should have been – included in the Real Property's appraised value. (RR Vol. 2, p. 59, l. 10-21, p. 60, l. 5 – p. 61, l. 12). Moreover, Hydrogeo did not even ask Wood County's Chief Appraiser, Mr. Tracy Nichols, whether any amount of the personalty's value was included in the Real Property's appraised value. (RR Vol. 2, p. 75, l. 5 – p. 76, l. 9).

Accordingly, the only evidence of the Real Property's value, and "the amount of penalties, tax and interest ... [that] are due, delinquent and unpaid", are the Updated Tax Records and the testimony of Wood County's Tax Assessor-Collector. Therefore: (a) Appellees proved a prima facie case agai3nst the Appellants pursuant to § 33.47(a), TAX CODE, *but* (b) Appellants failed to present any evidence challenging the Updated Tax Records, and (c) Appellants failed to prove a sufficient legal defense. Consequently, the Court should affirm the Trial Curt's Judgment in its entirety.

# ISSUE NO. 3

## APPELLANTS FAILED TO PROVE ANY REVERSIBLE ERROR OCCURRED, OR THAT THE TRIAL COURT ABUSED ITS DISCRETION.

Pursuant to Rule 44.1, TEX. R. APP. P., no judgment may be reversed on appeal unless "the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." First, Appellants do not contend that any alleged error prevented them from properly presenting their case to this Court. Second, although Appellants do assert that the Trial Court erred in admitting the Updated Tax Records, and in finding them liable for the entire amount of taxes owed on the Real Property, as demonstrated above the Trial Court did not err in admitting the evidence or in issuing its Judgment.

Furthermore, Appellant failed to show that the Trial Court abused its discretion. The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or arbitrarily or unreasonably. *Perry Homes v. Cull*, 258 S.W.3d 580, 602 (Tex.2008), citing, *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex.2004). However, "[a] trial court does not abuse its discretion if it bases it decision on conflicting evidence and some evidence supports its decision." *In re Barber*, 982 S.W.2d 364, 366 (Tex.1998), citing, *Griffin Indus. Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 355 (Tex.1996); *In*

23

*re EPIC Holdings, Inc.*, 985 S.W.2d 41, 57 (Tex.1998), *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex.2002), *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex.2009). In this case, the Trial Court acted in accordance with guiding rules and principles, i.e. § 33.47(a), TAX CODE, and *Davis,* and there is at least some evidence – the Updated Tax Statements and Ms. Taylor's testimony - to support the Trial Court's Judgment.

## CONCLUSION AND PRAYER FOR RELIEF

Because Appellees provided advance notice that they would be seeking all taxes, penalties and interest due as of the date of trial, the Appellants were not unfairly surprised by the Updated Tax Records. Therefore, the Trial Court had a legitimate basis to implicitly find good cause, and for its decision to admit the Updated Tax Records. Moreover the Updated Tax Records, which simply updated the tax records to include the taxes, penalties and interest which had accrued, did not contain a material change, and the change was required by the TAX CODE. As a result, admission of the Updated Tax Records did not, and could not, have resulted in an improper Judgment.

Furthermore, the Updated Tax Records proved Appellees' prima facia case as to the amount of taxes, penalties and interest that Appellants owed on the Real Property. In addition, the testimony of Wood County's Tax Assessor-Collector, and of Hydrogeo's President and Landman, proved that Hydrogeo owns the Real Property. Accordingly, the Trial Court did not err when it issued its Judgment enforcing the entire tax lien against the Appellants.

Accordingly, and because Appellants failed to prove any reversible error occurred or that the Trial Court abused its discretion, the Trial Court's Judgment should be affirmed in its entirety.

Respectfully submitted,

LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP

Edward J. (Nick) Nicholas
State Bar No. 14991350
4828 Loop Central Drive, Suite 600
Houston, Texas 77081
(713) 844-3405 direct phone
(713) 844-3400 main phone
(713) 8454-3504 fax

ATTORNEYS FOR WOOD
COUNTY APPELLEES

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2013 and contains 4,837 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Rule 9.4(i)(1), TEX. R. APP. P.

Edward J. (Nick) Nicholas

## CERTIFICATE OF SERVICE

I certify that a copy of Wood Count Appellees' Brief was served on the following counsel of record via EFILE.TXCOURTS.GOV and electronic mail:

| | |
|---|---|
| Mr. J. Don Westbrook | dwestbrook@ccfww.com |
| Mr. Michael E. Starr | mstarr@ccfww.com |
| Mr. Michael L. Dunn | mdunn@smeadlaw.com |
| Mr. David Hudson | dhudson@pbfcm.com |

Edward J. (Nick) Nicholas